INTERNATIONAL & G. N. RAILROAD Co. v. SMITH COUNTY.

(Case No. 1304— Motion No. 406.)

1. APPEAL BOND — DEFECTIVE DESCRIPTION OF JUDGMENT.— It is not a sufficient ground for dismissing an appeal, that the appeal bond fails to specify all of the defendants against whom judgment was rendered.

2. SAME — MISDESCRIPTION OF JUDGMENT.— Where the appeal bond erroneously describes the judgment as in favor of two named parties, when in fact it was rendered in favor of one only, it seems that the misdescription is a sufficient objection to the bond, a motion to dismiss being made in time.

3. FINAL JUDGMENT.— A judgment dissolving a temporary injunction and for costs, but not otherwise disposing of the subject matter of litigation, is not a final judgment, and will not support an appeal.

4. SAME — PARTIES.— It seems that a judgment is not final if it fails to dispose of the case as to one of the parties.

APPEAL from Smith. Tried below before the Hon. John C. Robertson.

Motion to dismiss.

*Horace Chilton*, for the motion

*W. S. Herndon, contra.*

GOULD, CHIEF JUSTICE.— The motion to dismiss the appeal objects to the appeal bond because it describes the judgment as against the Int. & G. N. R. R. Co. for the sum of $25 costs, when in fact the judgment for costs was against said company, and also against Geo. M. Dilley and Martin Hinzie.

By referring to the judgment we find that it is as stated in the motion, Dilley and Hinzie being designated as sureties on the injunction bond of plaintiff. This objection is, not that the bond fails to identify the case, or the judgment, but that it fails to describe the judgment fully, the defect being in a particular which did not affect the appellant. The case of Herndon v. Bremond is authority for holding that the omission to notice in the bond all the defendants against whom judgment was rendered, is not a sufficient ground for dismissing the appeal. 17 Tex., 432.

Another objection to the bond is that it describes the judgment as in favor of Smith county, J. F. Patterson, collector, White, county judge, and other county officers, when in fact it is only in favor of Smith county and not the other persons named. A misdescription of the judgment in a material matter is a fatal vice in an appeal bond when set up in a motion to dismiss made in time.

Examining the judgment, we find it entitled "International & Great Northern Railroad Company v. Smith County." After some recitals not material to be stated, the entry reads thus: "and it appearing to the court, from the consideration of the law and the evidence herein, that no sufficient reason exists why an injunction should be granted or perpetuated, restraining the tax collector of said Smith county from collecting the taxes as assessed against the plaintiff for the years 1875 to 1881 inclusive, it is therefore ordered, adjudged and decreed by the court that the injunction heretofore granted be and the same is hereby dissolved, and that the defendant, the county of Smith, for itself and the officers of this court, do have and recover of and from the claimant, the International & Great Northern Railroad Company, and the sureties on the injunction bond, to wit, Geo. M. Dilley and Martin Hinzie, all costs in this cause expended, for which let execution issue." As this judgment is in favor of Smith county only, it would seem that the objection to the appeal bond is well taken.

In examining the judgment, however, the question has suggested itself whether it is such a judgment as will support an appeal. Looking back to the petition, we find that not only is Smith county in its corporate capacity made a defendant, but so also are the collector of taxes, the assessor, the county judge, and the members of the commissioners' court, all these officers being designated by name. The petition prays for an injunction restraining the tax collector from the collection of certain county taxes for designated years, and restraining the commissioners' court and the assessor from any further levy or assessment of taxes on property of complainant

alleged to be exempt.   Also that the court decree:  1st. That certain orders of the commissioners' court are void.   2d. That certain assessments be adjudged illegal and void.   3d. That certain property of complainant be adjudged exempt from all taxation whatsoever for the period of thirty years from August 5, 1875.  .4th. That in any event certain valuations of complainant's property be set aside as unjust and excessive.

The only injunction granted was to restrain W. S. Wilkerson, tax collector of Smith county, from seizing or selling complainant's property for the payment of taxes for certain years.

The only pleading on the part of defendants commences thus: "Now comes J. F. Patterson, tax collector of Smith county, and files this his original answer, and for and in behalf of Smith county, in this proceeding," etc.;  but is signed by C. G. White (county judge) as well as by counsel for respondent.

It is now, we think, apparent that the subject matter of the litigation is not finally disposed of by the judgment.   There are but two matters adjudged, viz.: that the injunction restraining the tax collector from seizing or selling, etc., be dissolved, and that Smith county recover costs.   Neither the dissolution of a temporary injunction, nor a judgment for costs, constitutes a final judgment. The validity of the orders, assessments and valuations complained of, and of the exemption from taxation sought to be established for thirty years, are matters not disposed of in the judgment.   There is no adjudication that plaintiff take nothing by its suit, or that defendant go hence without day.   It is not enough that from recitals in the judgment, in connection with the statement of the conclusions of law by the court embodied in the record, it may appear that the court was ready to adjudicate all the matters in controversy against the complainant.   Martin v. Wade, 22 Tex., 224.

The fact remains, that, whatever may have been the intention of the court, there is no such adjudication shown by the record.   It being discovered that there is no final judgment, this court has no jurisdiction of the case, and the appeal must be dismissed.   Scott v. Burton, 6 Tex., 322; Linn v. Arambould, 55 Tex., 611.

The conclusion that there is no final judgment might also be reached on the further ground that the case is not disposed of as to all the parties.   Whatever may be said of the other officials made parties defendant in the petition, and who do not otherwise appear in the progress of the case, Patterson, the collector of taxes, who filed an answer, must be regarded as a party defendant. The judgment should have disposed of the case as between him and

the plaintiff, but it failed to do so. The dissolution of the injunction did not of itself constitute a final judgment, and after that there is no mention of him even by his official title. Green v. Banks, 24 Tex., 522; Rodrigues v. Trevino, 54 Tex., 198.

Because there is no final judgment, the appeal is dismissed.

DISMISSED.

[Opinion delivered November 8, 1882.]