## W. J. MAYFIELD, GUARDIAN, v. H. C. WILLIAMS.

### No. 6314.

1. **Former Judgment—Trespass to Try Title.**—In 1872 a second action in trespass to try title was brought. The controversy was as to the locality of the north line of the Mixon survey. The defendant pleaded not guilty. In a bill of exceptions it is shown that defendant offered in evidence the proceedings and judgment in his favor in the first suit, insisting that the first suit was conclusive upon the matter of boundary claimed to be the matter in controversy. The jury were instructed "if they found for defendant on the issue of the old judgment * * * they will so say in their verdict. If they should find their verdict for plaintiff or for defendant on the merits of the case, without reference to the old judgment, they should return a general verdict." There was a general verdict for the defendant. In the statement of facts there is nothing tending to show the former judgment. *Held:*

1. That in the absence of testimony in the statement of facts the court can not assume that the result was affected by testimony the nature or amount of which is not shown.

2. The verdict being upon the general issue and not upon the plea of former judgment, the charge submitting the special issue will not be presumed to have been injurious to the plaintiff.

2. **Calls—Corners, etc.**—See charge upon dignity of calls in surveys held to be in accordance with previous cases.

APPEAL from McLennan. Tried below before Hon. Eugene Williams. The opinion states the case.

*Jones & Kendall,* for appellant. — 1. The court charged the jury that the judgment in first suit was a defense to second suit. Pasch. Dig., art. 5298; Rev. Stats., art. 4812; Nye v. Hawkins, 65 Texas, 603; Sanders v. Masnerz, 58 Texas, 310.

2. *Res adjudicata* being in effect a setting up of title under a former adjudication, must be specially pleaded to enable the party relying upon it to introduce in evidence. Phillippouski v. Spencer, 63 Texas, 607; Pasch. Dig., art. 5295.

3. A charge that instructs the jury that in determining the lines of a survey they must be guided "first by natural objects, second by artificial objects, and third by course and distance," without defining these terms, and also explaining to the jury that they may depart from this order when by so doing a more certain and correct result would be reached, is misleading. Jones v. Andrews, 62 Texas, 659.

No brief for appellee reached the Reporter.

HENRY, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellant. The original petition was filed on the 9th day of January, 1872. It appears that it was the second suit between the same parties upon the same cause of action, the first suit having resulted in a final judgment for the defendant on the 18th day of August, 1871.

The defendant pleaded not guilty. Judgment upon the verdict of a jury was rendered in favor of the defendant.

The plaintiff claims through a survey of the land made for Thomas L. Mixon on the 12th day of January, 1858. The defendant claims it under a survey made for Hiram E. Davis on August 3, 1842.

The main controversy is as to where the north boundary line of the Davis survey is situated, and as to whether that survey includes the land in controversy. If it does, it being the oldest title will prevail.

The record contains a bill of exceptions showing that the court permitted the record of the first suit to be introduced in evidence over the objections of the plaintiff upon the ground that this suit as well as the first one is a controversy about the true boundaries of the Davis survey, and not such an action as a second suit was allowed to be brought for, under the laws in force when the first suit was determined.

The court in its main charge simply called the attention of the jury to this issue, by stating that the defendant contended that even if plaintiff was entitled to recover on the merits, their verdict should be controlled by this issue and be returned in favor of defendant. ·

And the court, without itself instructing the jury how to find on the issue, having stated the contention of the defendant with regard to it, referred them to the charge asked by the defendant for their guidance on this claim, and gave as the only other charge on the issue one at the request of defendant's counsel, which reads:

"If the jury find for the defendant on the issue of the old judgment rendered in favor of defendant in cause No. 1786, on August 18, 1871, they will so say in their verdict. If they should find their verdict for plaintiff or defendant on the merits of the case, without reference to the judgment of August 18, 1871, they will return a general verdict for plaintiff or defendant, as they may find for either."

The evidence that there was a former suit is not contained in the statement of facts, and there is nothing in the record to indicate that the jury had any evidence on the subject before them except the references to it in the bill of exceptions and charge. The verdict of the jury reads: "We the jury find for the defendant."

Upon the other issue the court among other things charged the jury as follows:

"7. In your deliberations to determine the location of the land described in the Mixon patent, and whether or not it is included in the Hiram E. Davis survey, you will search for the footsteps of the surveyor in locating the Davis survey, and in this search you will be guided first by natural object, second artificial objects, and then by course and distance; yet in this case you will investigate all the evidence and follow the actual survey of said Hiram E. Davis as it was made, if in fact made

by the surveyor, to decide said location of said land described in said Mixon patent with reference to the said Hiram E. Davis survey."

It is insisted that errors were committed during the trial as follows:

1.   By the admission in evidence of the record in the first suit.

2.   In charging with regard to the effect of such former suit.

3.   In undertaking in the seventh paragraph of the charge (quoted above) to furnish the jury with a guide by which to determine the true location of the Davis and Mixon surveys, and failing to explain to the jury the meaning of the terms natural and artificial objects, and in failing to instruct as to the circumstances connected with the evidence in the case under which a call for course and distance would control the other calls.

4.   In not granting a new trial on the ground that the evidence shows that there is no conflict between the Davis and Mixon surveys.

It is clear that as the law was at the date of the rendition of the final judgment in the first suit plaintiff had the right to institute a second suit for the property, and the fact that there was a judgment against him in the first suit was no defense to this.

The allusions in the charge to the former suit contain no suggestion as to its effect upon this case, but only direct the form of the verdict with regard to it.   In this particular the direction to the jury is plain and explicit that if they find for the defendant on the issue of his former recovery to so declare in their verdict, but if they find in his favor on the merits to return a general verdict in his favor.

As the jury returned a general verdict we must conclude that they did not base their verdict upon the judgment in the first case.

As neither the bill of exceptions nor statement of facts contains the record of the proceedings in the first suit or any such statement of their substance as enables us to estimate their materiality, we are not able to see that if they had been considered by the jury they would have probably influenced their verdict.

Any evidence to sustain or charge submitting that issue was improper, and if there was any room to believe that either or both had influenced the verdict it would lead to a reversal of the cause.

The verdict interpreted by the instruction as to its form shows that it was not produced or influenced either by the evidence or charge upon that issue, and shows that whatever errors were committed in that respect were immaterial.

The seventh paragraph of the charge is recognized as suggesting correct rules for the consideration of the jury by repeated decisions of this court, and we do not see that an attempt to enlarge or explain what was said would have been useful or proper.

The evidence, as is usual in such cases, is conflicting.   The jury adopted defendant's version of it, and we think that their verdict should

be sustained, not only because of the rule that one will not be set aside by this court where there is evidence to sustain it, but because in this case it is supported decidedly by the weight of evidence if not by the greater number of witnesses.

The judgment is affirmed.

*Affirmed.*

Delivered April 16, 1889.