### PARAZETTE STEWART v. W. T. LENOIR.

Decided February 25, 1903.

**Final Judgment—Appeal.**

By agreement between plaintiff and defendant the case, as against a codefendant not served, was continued, and prosecuted to trial and judgment against the defendant served; this was not a final judgment from which the latter could appeal.

Appeal from the County Court of Falls. Tried below before Hon. W. E. Hunnicutt.

Lenoir sued Parazette and Jim Stewart, continued as to the latter, and had judgment against Parazette Stewart, who appealed.

*Johnson & Lewellyn,* for appellant.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against Parazette Stewart and Jim Stewart. Upon trial a judgment was rendered in favor of the plaintiff against the defendant Parazette Stewart, and she has appealed.

Though not adverted to by either party, the transcript presents a question of jurisdiction which this court must decide before it can reach the merits of the appeal.

As a general rule the appellate courts of this State have no jurisdiction until a final judgment has been rendered in the court below; and there is nothing to take this case out of the general rule. It is also well settled that a judgment which does not finally dispose of all the parties to the suit is not a final judgment. Batts' Civ. Stats., art. 1383; Andrews v. Andrews, Dal., 427; Simpson v. Bennett, 42 Texas, 241; Martin v. Crow, 28 Texas, 615; Linn v. Arambould, 55 Texas, 611; Railway v. Smith, 58 Texas, 74; Mignon v. Brinson, 74 Texas, 18; Mills v. Paul, 1 Texas Civ. App., 419; same case, 4 Texas Civ. App., 504.

In this case the judgment recites the fact that the plaintiff and Parazette Stewart agreed to a continuance of the cause as to the defendant Jim Stewart, because citation had not been served on him; and the judgment declares that it was so ordered. By agreement of the same parties the case then proceeded to trial. But that agreement does not make the judgment that was rendered a final judgment. That judgment does not dispose of the case as against Jim Stewart, who was a party to the suit, and therefore it is not a final judgment; and not being a final judgment, no appeal can be prosecuted from it.

Hence we hold that this court has no jurisdiction, and that the appeal must be dismissed.

*Dismissed.*