McKENZIE et al. v. WITHERS et al.

(Court of Civil Appeals of Texas. Texarkana. Jan. 2, 1913.)

1. APPEAL AND ERROR (§ 71*)—ORDERS APPEALABLE—INTERLOCUTORY ORDER—"FINAL ORDER."

Acts 30th Leg. c. 107, § 2, as amended by Acts 31st Leg. (1st Ex. Sess.) c. 34, § 2, providing for an appeal from an order dissolving a temporary injunction, does not make an order dissolving a temporary injunction a final order, but merely gives a right of appeal from such order, which is an interlocutory one and not reviewable prior to the statute until final determination of the suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 386–401; Dec. Dig. § 71.*

For other definitions, see Words and Phrases, vol. 3, p. 2802.]

2. APPEAL AND ERROR (§ 80*)—JUDGMENTS REVIEWABLE—WRIT OF ERROR.

A plea in reconvention by a judgment creditor in a suit by the judgment debtor to restrain a sale under execution may not be determined finally without previously, or at the same time,

disposing of the original suit, and a judgment granting relief in reconvention without determining the original suit is not reviewable on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Error from District Court, Tarrant County; W. T. Simmons, Judge.

Action by William Linden against H. C. Cantrell and Mrs. V. F. Withers to restrain a sale under execution in which defendant Mrs. V. F. Withers filed a plea in reconvention. There was a judgment determining the right to damages in reconvention and dissolving the temporary restraining order, and J. H. McKenzie and another, sureties on plaintiff's injunction bond, bring error. Dismissed.

Goree & Turner, of Ft. Worth, for plaintiffs in error. Jas. C. Scott, of Ft. Worth, for defendants in error.

HODGES, J. On April 20, 1910, William Linden filed in the district court of the Sixty-Seventh judicial district in Tarrant county his original petition asking for a writ of injunction to restrain H. C. Cantrell, as constable, from selling certain described real estate which had theretofore been levied on by virtue of a writ of execution issued out of the justice court. Mrs. Withers was also made a party defendant as the owner of that judgment. The petition alleged that the judgment upon which the execution was issued was void because it had been rendered against Linden without notice, and that he did not thereafter know of its existence till too late to prosecute any form of appeal. The facts were set out in detail, and, if true, constituted a good cause of action. The petition concluded with the following prayer for relief: "Plaintiff further states that, unless the court issues the writ of injunction here prayed for, he will suffer irreparable loss, that the Mrs. V. F. Withers is insolvent, and that this plaintiff, if compelled to pay said judgment or suffer his property to be sold under said execution, could not recover anything from the said Mrs. V. F. Withers. Premises considered, plaintiff sues and prays that the defendants be cited to answer this petition and that the court issue at once a temporary injunction enjoining the said defendants from making the sale of said property on the 3d day of May, 1910, or at any other time, and enjoining the collection of said judgment, and that on final hearing the said injunction be made permanent, and plaintiff prays for judgment of cost and general and special relief." On the same day, whether before or after the filing of this petition does not appear, the following order was made by the Honorable W. T. Simmons, judge of the Sixty-Seventh judicial district: "Upon the filing of a good and sufficient bond in the sum of $300, to be approved by the district clerk, the writ of injunction will be granted as prayed for, and the clerk will issue as the law directs." On the same day the bond called for in the above order was filed by Linden with J. M. and E. W. McKenzie, the plaintiffs in error, as sureties, and was approved by the clerk. A writ was thereafter issued by the clerk restraining Cantrell, the constable, and Mrs. Withers, the owner of the judgment, from selling the property seized, and from collecting the judgment "until further orders of said court." On May 18, 1910, Mrs. Withers and Cantrell jointly filed a motion to dissolve this writ of injunction, and Mrs. Withers alone, after answering the petition on its merits, asked for damages on the injunction bond. On July 30, 1910, the motion to dissolve and the case on its merits were heard by the court, and a judgment was rendered granting the perpetual writ of injunction sought. From this judgment Mrs. Withers and Cantrell appealed, and the judgment was reversed by this court, and the case remanded for a new trial. See Withers v. Linden, 138 S. W. 1117. Thereafter the defendant Mrs. Withers filed an amended answer, which, after making specific denials of the various facts alleged in the original petition, closed with the following averments and prayer for relief: "These respondents respectfully represent that William Linden has left the state of Texas and has been absent from it since, to wit, May 5, 1910, and according to their information is now a resident of the state of Arizona. That on, to wit, August 23, 1910, the said William Linden sold and conveyed the 80 acres of land set out in relator's petition to J. L. Dicker, which deed appears of record in Tarrant county, volume 317, p. 589; that being all the land the said William Linden owned in said county known to these respondents. * * * Wherefore these respondents pray that, upon hearing of this cause, they have judgment against the relator, William Linden, and his bondsmen, his injunction bond in this suit, to wit, E. W. McKenzie and J. M. McKenzie, for the debt, $97.80, with 8 per cent. after April 5, 1910, and the further sum of $5.30 costs incurred by H. C. Cantrell in levying the execution on relator's land, which was suspended by the writ of injunction issued in this cause, and for 10 per cent. damages for delay because the injunction was improperly issued; and they pray for all relief, both general and special, in law and in equity, and in duty bound will ever pray, etc." The case was again tried on the 4th of October, 1911, and the following judgment appears in the record as having been entered: "This day this cause came on to be heard whereupon came the defendants, V. F. Withers and H. C. Cantrell, presented their motion to dissolve the injunction heretofore granted on April 30, 1910, and, the

pleading being considered by the court together with the motion and fully understood, it is the opinion of the court that the law is for the respondent V. F. Withers and H. C. Cantrell, and that said injunction restrained the collection of a judgment in favor of the defendant V. F. Withers against the plaintiff William Linden, and it is the opinion of the court that the injunction was issued restraining the collection of a judgment for the purpose of delay, and that the plaintiff, William Linden, had executed an injunction bond, with J. M. McKenzie and E. W. McKenzie as sureties ·thereon, and that the amount enjoined was the sum of $97.80 with 8 per cent. from April 5, 1910, together with $5.30 costs incurred in the levy of the execution; it appearing to the court that H. C. Cantrell was constable who made the levy of the execution and is not liable in this action and is hereby dismissed with his costs. It is therefore ordered, adjudged, and decreed that defendant V. F. Withers do have and recover of and from William Linden, J. M. McKenzie, and E. W. McKenzie the sum of $114.19, together with 10 per cent. damages thereon, to wit, $11.41, amounting to the sum of $125.60, with 8 per cent. interest thereon from this date and all costs in this behalf incurred for which she may have her writs of execution." From that judgment J. M. and E. W. McKenzie prosecute this writ of error.

After notice from the clerk, counsel for plaintiffs in error have transmitted to this court the following ·as a judgment which was entered nunc pro tunc in the court below on December 11, 1912, after this case had been submitted: "William Linden v. Mrs. V. F. Withers et al. No. 29,887. Judgment October 4, 1911. This day this cause came on to be heard, whereupon came the defendants, V. F. Withers and H. C. Cantrell, and presented their motion to dissolve the injunction heretofore granted on April 30, 1910, and, the pleadings being considered by the court together with the motion and accompanying affidavits and being fully understood, it is the opinion of the court that the law is for the respondents, V. F. Withers and H. C. Cantrell, and that said injunction restraining ·the collection of the judgment described in the pleadings in favor of the defendant V. F. Withers against the plaintiff William Linden should be dissolved. It is the further opinion of the court that the injunction was issued restraining the collection of said judgment for the purpose of delay, and it appearing that the plaintiff, William Linden, has herein executed an injunction bond with J. M. McKenzie and E. W. McKenzie as sureties thereon, and that the amount of the judgment enjoined is the sum of $97.80 with 8 per cent. ·from April 5, 1910, together with $5.30 costs incurred in the levy of the execution, and that H. C. ·Cantrell is the constable who made the levy of the execu-

tion, and is not liable in this action: It is therefore ordered, adjudged, and decreed that the writ of injunction heretofore issued in this cause on the 30th day of April, 1910, be and the same is hereby dissolved, set aside, and declared to be of no further force or effect; that defendant V. F. Withers do have and recover of and from William Linden, J. M. McKenzie, and E. W. McKenzie the sum of $114.19, together with 10 per· cent. damages thereon, to wit, $11.41, amounting to the sum of $125.60 with 8 per cent. thereon from this day, and all costs in this behalf incurred for which she may have her writs of execution. It is further ordered that said H. ·C. Cantrell go hence without day and recover his costs and that the officers of this court may have execution against each party to this suit respectively for all costs by him or her incurred." This judgment goes no further than to dispose of the motion to dissolve the temporary restraining order issued on the date the original petition was filed, and to determine the right for damages on the plea in reconvention. It leaves the controversy involved in the original suit for the perpetual injunction against the enforcement of the justice court judgment wholly undisposed of.

[1] Prior to the act of 1907 there could be no appeal from an order dissolving a temporary writ of injunction. I. & G. N. Ry. Co. v. Smith County, 58 Tex. 74. Such orders were treated as interlocutory, and could not be reviewed until there was a final determination of the original suit. The act of 1907 as amended by the act of 1909 is as follows: "Any party or parties to any civil suit wherein a temporary injunction may be granted, refused or dissolved under any of the provisions of this title in term time or in vacation, may appeal from the order of judgment granting, refusing, or dissolving such injunction to the Court of Civil Appeals having jurisdiction of the case; but such appeal shall not have the effect to suspend the enforcement of the order appealed from, unless it shall be so ordered by the court or judge who enters the order; provided, the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting, refusing or dissolving such injunction." See Acts 1909, p. 355. It does not appear that this statute was intended to change the interlocutory character of an order dissolving temporary restraining orders, or to make such orders final judgments and decrees as those terms are generally understood, but merely to give a right of appeal from that class of interlocutory orders.

[2] The case presented by the record before us is not an appeal from an order dissolving the temporary writ of injunction, but a writ of error from the judgment rendered on the plea in reconvention in favor of the defend-

ants in the suit below. That plea could not be determined so as to make the adjudication a finality without previously, or at the same time disposing in some way of the original application for the perpetual writ of injunction. The judgment appealed from shows upon its face that the original suit is still undetermined.

That being true, this court has no jurisdiction, and the writ of error must be dismissed. I. & G. N. Ry. Co. v. Smith County, supra; Linn v. Arambould, 55 Tex. 616; Mayfield v. Williams, 73 Tex. 508, 11 S. W. 530.