McKENZIE et al. v. WITHERS et al.
(No. 2543.)

(Supreme Court of Texas. Nov. 13, 1918.)

COURTS ☞107 — DECISIONS — OPINIONS OF COMMISSIONS.

The approval by the Supreme Court of judgments recommended by the Commission of Appeals merely adopts the view of the Commission as to the determination to be made of the cause, and is not an approval of the opinion in the particular case, or the reasons therein for the Commission's conclusion.

Suit by William Linden against Mrs. V. F. Withers and another to restrain an execution sale. An order was made dissolving temporary injunction, and writ of error brought by J. M. McKenzie and another, sureties on the injunction bond, was dismissed by the Court of Civil Appeals (152 S. W. 658; 153 S. W. 413), whereupon the sureties bring error. Reversed and remanded, in accordance with the recommendation of the Commission of Appeals (206 S. W. 503).

PHILLIPS, C. J. Under the Act of the Thirty-fifth Legislature (Acts 35th Leg. 4th Called Sess. c. 81) establishing a Commission of Appeals, this cause was heretofore referred to Section B of the Commission by the Supreme Court. It has been duly heard and considered by the Commission. 206 S. W. 503. Its report and conclusions upon the case embodied in a written opinion by Presiding Judge Montgomery, together with the record, have been fully examined by us and the judgment recommended by the Commission has our approval. The cause will be disposed of accordingly.

We take this occasion to announce that in causes referred to the Commission of Appeals, our approval of the judgment recommended by the Commission is to be understood as having no further effect than to simply adopt the view of the Commission as to the determination to be made of the cause. It is not to be construed as an approval by the Supreme Court of the opinion of the Commission in the particular case, or the reasons given in the Commission's opinion for its conclusion.

We have adopted this course in the interest of a prompt disposition of the court's docket. The Act does not in our opinion require the Supreme Court's approval of the Commission's opinion in causes referred to it and in which the judgment as recommended by the Commission is adopted by the court. The approval by the court of the Commission's opinions, in addition to the judgments recommended by it, would impose an extra duty upon the court and require a large part of its time. Under existing conditions, the proper dispatch of the court's business forbids our exercising a province in these cases not required by the Act.

In accordance with the report of the Commission, the judgment of the honorable Court of Civil Appeals in this cause is reversed and the cause is remanded to that court for disposition upon its merits.

---

McKENZIE et al. v. WITHERS et al.
(No. 2543.)

(Commission of Appeals of Texas, Section B. Nov. 13, 1918.)

1. APPEAL AND ERROR ☞80(1)—MATTER APPEALABLE—JUDGMENTS.

A judgment dissolving a temporary injunction, restraining execution and awarding fixed sum to defendant in injunction upon a plea of reconvention, constitutes a final appealable judgment denying plaintiff in injunction all relief and giving defendant a judgment against plaintiff and his sureties on the cross-action.

2. JUDGMENT ☞713(1) — CONSTRUCTION — SCOPE.

In respect to its operation upon the subject-matter, a judgment is to be understood as determining whatever follows by necessary implications from its terms, although not specified, and as disposing of all issues raised, unless questions are reserved or leave given to take further proceedings.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by William Linden against Mrs. V. F. Withers and H. C. Cantrell to restrain an execution sale. An order was made dissolving a temporary injunction, and writ of error brought by J. M. McKenzie and another, sureties on the injunction bond, was dismissed by the Court of Civil Appeals (152 S. W. 658; 153 S. W. 413), whereupon sureties bring error. Reversed and remanded, in accordance with the recommendation of the Commission of Appeals.

See, also, 206 S. W. 503.

Goree & Turner, of Ft. Worth, for plaintiffs in error.

Jas. C. Scott, of Ft. Worth, for defendants in error.

Synopsis of the Case.

MONTGOMERY, P. J. This suit was brought in the district court of Tarrant county, Tex., by William Linden against the defendants in error, Mrs. V. F. Withers and H. C. Cantrell, a constable of Tarrant county, Tex., to restrain by injunction the sale under execution of certain land belonging to said Linden and the enforcement of the judgment in favor of Mrs. V. F. Withers against him, on which the execution was issued. The judgment was rendered in a justice court of Tarrant county, and a copy of the judgment was made an exhibit to the petition for injunction, from which it appears that said judgment was rendered January 25, 1910, in the justice court of Tarrant county, Tex., in favor of one Craig against the said Linden and Withers, jointly and severally for $85.70. and judgment was also rendered in favor of Mrs. V. F. Withers against the said Linden, her codefendant, for the sum of $85.70, in-

terest, and cost. The petition for injunction alleges that the judgment in favor of Mrs. Withers was rendered against the said Linden without notice of any kind and that he did not learn of said judgment in time to prosecute an appeal or take the same to the county court by certiorari.

The Court of Civil Appeals, in the opinion in this case, found that the allegations, if true, stated a good cause of action.

The plaintiff's petition was presented to one of the district judges of Tarrant county, Tex., and temporary injunction granted, and the writ, after execution of bond, as provided in the order, was duly issued. J. M. McKenzie and E. W. McKenzie were the sureties on the bond.

The defendant, Mrs. V. F. Withers, in the district court, answered by a motion to dissolve the injunction, and also by an answer under oath denying all the equities of the bill, and further sought a judgment against the plaintiff, Linden, and J. M. and E. W. McKenzie, sureties on the injunction bond, for the amount of her debt, with interest and cost of suit, and also for 10 per cent. penalty provided by statute.

In view of the disposition of the case, we think it unnecessary to make any further statement, except to set out the judgment, which was rendered in the district court of Tarrant county, Tex., and which was taken to the Court of Civil Appeals for review by writ of error. The original judgment rendered in the case, and which is now under consideration, was as follows:

"This day this cause came on to be heard, whereupon came the defendants, V. F. Withers and H. C. Cantrell, and presented their motion to dissolve the injunction heretofore granted on April 30, 1910, and the pleading being considered by the court, together with the motion, and fully understood, it is the opinion of the court that the law is for the respondents, V. F. Withers and H. C. Cantrell, and that said injunction restrained the collection of a judgment in favor of the defendant V. F. Withers against the plaintiff, William Linden; and it is the opinion of the court that the injunction was issued restraining the collection of a judgment for the purpose of delay, and that the plaintiff, William Linden, had executed an injunction bond, with J. M. McKenzie and E. W. McKenzie as sureties thereon, and that the amount enjoined was the sum of $97.80, with 8 per cent. from April 5, 1910, together with $5.30 costs incurred in the levy of the execution; it appearing to the court that H. C. Cantrell was constable who made the levy of the execution, and is not liable in this action, and is hereby dismissed, with his costs. It is therefore ordered, adjudged, and decreed that defendant V. F. Withers do have and recover of and from William Linden, J. M. McKenzie, and E. W. McKenzie the sum of $114.19, together with 10 per cent. damages thereon, to wit, $11.41, amounting to the sum of $125.60, with 8 per cent. interest thereon from this date, and all costs in this behalf incurred, for which she may have her writs of execution."

From this judgment the sureties, J. M. McKenzie and E. W. McKenzie, prosecuted a writ of error to the Court of Civil Appeals. After the writ of error had been sued out and the record filed in the Court of Civil Appeals, the district court entered a judgment nunc pro tunc for the purpose of correcting errors in the original judgment, which is set out above, and making the same conform to the judgment actually rendered by the court. Said corrected judgment reads as follows:

"William Linden v. Mrs. V. F. Withers et al. No. 29887.

"Judgment October 4, 1911.

"This day this cause came on to be heard, whereupon came the defendants, V. F. Withers and H. C. Cantrell, and presented their motion to dissolve the injunction heretofore granted on April 30, 1910, and the pleadings being considered by the court, together with the motion and accompanying affidavits, and being fully understood, it is the opinion of the court that the law is for the respondents, V. F. Withers and H. C. Cantrell, and that said injunction restraining the collection of the judgment described in the pleadings in favor of the defendant V. F. Withers against the plaintiff, William Linden, should be dissolved. It is the further opinion of the court that the injunction was issued restraining the collection of said judgment for the purpose of delay, and it appearing that the plaintiff, William Linden, has herein executed an injunction bond, with J. M. McKenzie and E. W. McKenzie as sureties thereon, and that the amount of the judgment enjoined is the sum of $97.80, with 8 per cent. from April 5, 1910, together with $5.30 costs incurred in the levy of the execution, and that H. C. Cantrell is the constable who made the levy of the execution, and is not liable in this action.

"It is further ordered, adjudged, and decreed that the writ of injunction heretofore issued in this cause on the 30th day of April, 1910, be and the same is hereby dissolved, set aside, and declared to be of no further force or effect; that defendant V. F. Withers do have and recover of and from William Linden, J. M. McKenzie, and E. W. McKenzie the sum of $114.19, together with 10 per cent. damages thereon, to wit, $11.41, amounting to the sum of $125.60, with 8 per cent. thereon from this day, and all costs in this behalf incurred, for which she may have her writs of execution. It is further ordered the said H. C. Cantrell go hence without day and recover his costs, and that the officers of this court may have execution against each party to this suit, respectively, for all costs by him or her incurred."

The Court of Civil Appeals held that the judgment rendered in the case was not a final judgment, but only interlocutory, and for that reason dismissed the appeal. See opinion of the Court of Civil Appeals, 152 S. W. 658.

The writ of error in this case was granted by the Supreme Court to review the action of the Court of Civil Appeals in dismissing said writ of error and refusing to consider the case on its merits.

The above, we think, is all the statement necessary to a clear understanding of the points involved in this case.

## Opinion.

The question to be decided is whether the judgment rendered by the district court was final or merely interlocutory. The Court of Civil Appeals held that the judgment was

not final, and that therefore no writ of error or appeal lay therefrom, and dismissed the writ of error.

It must be borne in mind that we are not concerned with the correctness of the judgment, but only as to whether or not the judgment was final and disposed of all the issues in the case, and could therefore be appealed from. This question must be governed by the rules of construction applicable to judgments.

The Court of Civil Appeals held that the judgment was interlocutory because:

"It leaves the controversy involved in the original suit for the perpetual injunction against the enforcement of the justice court judgment wholly undisposed of."

[1] We think the judgment, when properly construed, has the effect of denying plaintiff, Linden, all relief, and giving the defendant Withers a judgment against Linden, and J. M. McKenzie and E. W. McKenzie, his sureties, on her cross-action.

[2] One rule for the construction of judgments, which we think correct, is thus stated:

"In respect to its operation upon the subject-matter of the action, the judgment is to be understood as including and determining whatever follows by necessary implication from its terms, although not specified in so many words, and as disposing of all the issues and controversies raised in the case, unless questions are reserved or leave given to the parties to take further proceedings, in which case the unadjudicated matters are left entirely open, except in so far as their determination in a particular way would be inconsistent with the general tenor of the original judgment." 23 Cyc. 1104.

It must be borne in mind that the plaintiff in the district court sought no relief except by injunction, and it will be noted that the judgment dissolves the injunction restraining the collection of the justice court judgment, and further adjudges that the injunction was sued out for the purpose of delay.

The court further rendered judgment in favor of the defendant Withers against the plaintiff and the sureties on the injunction bond for the amount of the original judgment, with interest, and for cost of suit and for a penalty of 10 per cent.

It is apparent that any judgment, which might thereafter have been rendered in the trial court in this case, granting or perpetuating the injunction, would be entirely inconsistent with this judgment. The judgment, we think, is final and conclusive of every issue in the case.

We have not thought it necessary to discuss the various cases cited as to the proper judgment to be rendered in cases where temporary injunctions are dissolved, either upon motion, demurrer, or after answer filed denying the equities of the bill.

The case of Love v. Powell, 67 Tex. 15, 2 S. W. 456, reviews all the authorities upon this question, and lays down a rule which we accept, but the decision in that case does not control the question herein involved.

In that case it was held that the plaintiff in the injunction suit, where preliminary writ has been dissolved by reason of a sworn answer denying the equities of the bill, would not be deemed to have waived his right to a trial upon the merits, because he failed to affirmatively demand it. There was nothing in the judgment in that case which indicated that the court had done anything more than to dissolve the temporary injunction and dismiss the case. This judgment while final, was held erroneous, and the case reversed for trial on the issues raised by the bill and answer.

We think that the rule there laid down has no application to this case, for the reason that in Love v. Powell the question was as to whether the court properly dismissed the case or not, while in this case the question is: Did the judgment have the effect of dismissing the case?

Construing the judgment as we do, it has the effect of denying the plaintiff all relief, and of giving the defendant Withers judgment against the plaintiff for the amount of the original judgment, interest, penalty, and cost, which judgment, if not appealed from or set aside could be enforced by execution.

It follows from the foregoing that the Court of Civil Appeals erred in dismissing the writ of error proceedings. We are of opinion that the case should be remanded to the Court of Civil Appeals, with the instructions to set aside the order dismissing said writ of error, to reinstate the case on its docket, and to dispose of the case upon the merits.

PHILLIPS, C. J. The judgment recommended by the Commission is adopted and will be entered as the judgment at the Supreme Court.