# CARROLL R. PASSAPAE

## *vs.*

## VIOLET M. OEHRING ET AL.

*Action for Death—Verdict—Division of Award.*

In an action to recover for death caused by negligence, that the jury, in awarding damages against defendant, failed by their verdict to divide the award among those for whose benefit the action was brought, as provided by the statute, is, in the absence of a showing of prejudice to defendant from such omission, not ground for reversal at his instance of the judgment rendered on the verdict.

*Decided March 23rd, 1922.*

Appeal from the Baltimore City Court (DAWKINS, J.).

Action by the State of Maryland, for the use of Violet M. Oehring and others, widow and children of Theodore Oehring, against Carroll R. Passapae. From a judgment in favor of the equitable plaintiffs, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*James U. Dennis* and *Harold Tschudi*, for the appellant.

*J. Cookman Boyd*, for the appellees.

URNER, J., delivered the opinion of the Court.

The object of the appeal in this case is to secure the reversal of an order overruling a motion to strike out a judgment of the Baltimore City Court. The judgment was rendered in

accordance with the verdict of a jury for $11,000 in favor of the equitable plaintiffs, who are the widow and infant children of Theodore Oehring, Jr., in a suit for damages resulting from the death, through the defendant's alleged negligence, of the husband and father upon whom they were dependent. No apportionment of the verdict was made by the jury as required by the Code provision that "in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the above-mentioned parties, in such shares as the jury by their verdict shall find and direct." (Code, art. 67, sec. 2.) The verdict for the plaintiffs simply assessed their damages generally at $11,000. It does not appear that any question was raised at the time of the rendition of the verdict and before the discharge of the jury as to the omission to direct how the damages should be divided. A motion for a new trial was filed and overruled, but it made no objection to the verdict on the ground that the damages were not apportioned. There was no motion in arrest of judgment. Nearly a month after judgment had been entered for the amount of the verdict, a motion was filed by the defendant to strike out the judgment because it was rendered in pursuance of a verdict which failed to determine the shares in which the amount recovered should be received by the parties for whose benefit the suit was brought. It is urged in the motion that, because of the omission indicated, both the verdict and judgment should be declared invalid.

The jury unquestionably erred in not apportioning among the equitable plaintiffs the amount which they were found to be entitled to recover. Whether the defendant can require the judgment and verdict to be vacated and a new trial granted because of such an error, even though the judgment was entered without objection on that ground, is the question to be decided.

The evident purpose of the statute is that if the jury should find for the plaintiffs, in a case of this nature, the damages awarded should first be stated as an aggregate sum in the verdict, and this has been the general practice. It is the "amount so recovered" that "shall be divided amongst" the parties "in such shares as the jury by their verdict shall find and direct." By the verdict in this case the defendant's liability was determined, and the whole amount of the damages sustained by the plaintiffs was definitely stated. The only issues in which the defendant was directly concerned were thus completely adjudicated. If the judgment should be set aside and a new trial awarded, it would not be on the ground of any error in the decision of these issues, but merely because the verdict did not divide into shares the total amount to which the plaintiffs were found to be entitled. The necessity in reason and justice for such a conclusion ought to be very clear before it is adopted.

If the defendant could be held to have such an interest in the division among the plaintiffs of the "amount recovered" as to support an objection to the verdict because it included no provision on that subject, we should be disinclined to entertain such an objection when raised for the first time after judgment on the verdict has been entered. But we are unable to discover any prejudice to the defendant in the fact that the verdict omitted to apportion the damages. The defendant's interest was in the amount of the damages and not in their apportionment. A payment into court of the amount of the judgment would have discharged the liability thereby imposed. A release by the adult plaintiff and by the guardian of the infant parties would afford the defendant adequate protection. No more efficient means of exoneration than those just suggested would have been available if the verdict had duly stated the proportions in which the plaintiffs were to share the amount recovered. The question as to the division of the fund is one which concerns the rights and interests of the plaintiffs as among themselves and does not affect the existence or measure of the defendants' liability.

In *Central Vermont R. Co.* v. *White,* 238 U. S. 507, the suit was brought under the Federal Employers' Liability Act for the benefit of the widow and minor children of a brakeman who had been killed in the service of the denfendant railroad company. There was a general verdict for the plaintiffs, and a motion in arrest of judgment was filed because the damages were not apportioned by the verdict among the widow and children. In disposing adversely of the point thus raised, the Supreme Court said: "Under Lord Campbell's Act (9 & 10 Vict. chap. 93, sec. 2) and in a few American states, the jury is required to apportion the damages in this class of cases. But even in those states the distribution is held to be of no concern to the defendant, and the failure to apportion the damages is held not to be reversible error (*Norfolk & W. R. Co.* v. *Stevens,* 97 Va. 631 (1), 634, 46 L. R. A. 367, 34 S. E. 525; *International & G. W. R. Co.* v. *Lehman-Tex. Civ. App.,* 72 S. W. 619), certainly not unless the defendant can show that it has been injured by such failure." While the federal act did not require the damages to be apportioned, the tenor of the discussion in the opinion from which we have quoted indicates that the Supreme Court did not regard the question as one in which the defendant was concerned, the fact being emphasized that there was no prejudice to the defendant in the omission to apportion, inasmuch as all of the plaintiffs were entitled to share in the amount of the verdict.

In *Texas & Pac. R. Co.* v. *Gentry,* 163 U. S. 353, a case arising under the Texas statute relating to suits for damages resulting from death caused by negligence, which is similar to the Maryland act, the Supreme Court said: "It is one injury for which damages may be recovered, and 'the amount' so recovered is to be 'divided' among the persons entitled to the benefit of the action, or such of them as shall then be alive, 'in such shares' as the jury shall find by their verdict. The jury found that the damages sustained by the deceased were $10,166.66. That was the amount in dispute. The 'matter in controversy' was the liability of the defendant com-

pany in that amount by reason of the single injury complained of. If the defendant was liable in that sum, and such liability was fixed upon it by the verdict and final judgment thereon, it was of no concern to it how that amount was divided among the parties entitled to sue on account of the single injury alleged to have been committed." This language was not used in the discussion of a question like the one raised in the pending case, but the view expressed as to the limitation of the defendants' interest in such an issue as the one here involved is directly pertinent to the subject of our present inquiry.

The verdict and judgment now being considered are not absolute nullities. None of the decisions on the subject proceed upon such a theory. Reversible error has been predicated upon the failure of the jury to apportion, where injury to the appellant is discoverable, but in no instance has objection to a verdict so rendered been sustained on the ground that it was wholly void. Certainly such a conclusion is not required in reference to a verdict and judgment by which the full amount to be recovered is definitely determined.

Unless the defendant has an actual interest in having the shares of the plaintiffs fixed by the verdict, it is clear that he has no right to a retrial of the case simply because the shares have not been so defined. Any interest which might enable the defendant to successfully question the verdict on that ground would arise from some injury to which he might refer, and not from the mere fact that the statute directs the jury to state the proportions in which the amount of the award shall be shared by the parties in whose favor the verdict is rendered. In the present case no prejudice could have resulted to the defendant from the omission of the jury to perform their duty in that particular, because the plaintiffs are the only persons who can legally participate in the recovery, and no other suit can be brought for the same cause of action (Code, art. 67, sec. 2), and the jury were specifically and correctly instructed as to the elements and limits of the dam-

ages to which the adult and infant plaintiffs might be respectively entitled if the verdict should be in their favor.

The cases upon which the appellant relies presented conditions on account of which the failure to apportion the damages caused the defendant injury. In *Houston & Tex. Cent. Ry. Co.* v. *Moore,* 49 Texas, 31; *Galveston, H. & S. R. Co.* v. *Le Gierse,* 51 Texas, 189; *Dallas & W. R. Co.* v. *Spiker,* 59 Texas, 435; and *East Line & Red River Ry. Co.* v. *Culberson,* 68 Texas, 664, essential parties had been omitted from the award and the defendant was exposed to another suit for the same cause of action, and in *Southern Pac. Co.* v. *Tomlinson,* 163 U. S. 369, the defendant was complaining of a change in the apportionment of the verdict in consequence of which some of the beneficiaries might bring further suits. But in cases where no injury resulted to the defendant, it was held that the failure of the jury to apportion the damages, as provided by statute, was not a sufficient ground for a reversal of the judgment at the defendants' instance. *Internat. & G. W. R. Co.* v. *Lehman* (Tex. Civ. App.), 72 S. W. 619; *Texas & Pac. Ry. Co.* v. *Hudman,* 8 Tex. Civ. App. 314; *M. K. & T. Ry. Co.* v. *Evans,* 16 Tex. Civ App. 69.

Analogy is sought to be drawn between the defect in the verdict under consideration and the failure of a jury to ascertain the value of the property in a replevin case, for which a reversal of the judgment has been held to be proper unless the record furnishes evidence from which the court may determine the value. *Balto. & Ohio R. Co.* v. *Rueter,* 114 Md. 687. There is a material difference between the two classes of irregularities. The value of the property replevied, which the statute directs to be separately ascertained by the verdict, is a measure of liability in which both parties are directly concerned. Code, art. 75, sec. 119. But when the verdict in a case like the one before us determines the whole amount for which the defendant can in any event be held liable, the omission to apportion the award among the plaintiffs is not inherently prejudicial to the defendant and does not entitle

him to a reversal unless it may reasonably be supposed to have such an effect because of special conditions. It has been decided that an objection to a verdict in replevin for not ascertaining the value of the property will not be considered on appeal unless it has been raised below by motion in arrest of judgment. *Standard Co.* v. *O'Brien,* 88 Md. 335.

The defect in the verdict rendered in favor of the plaintiffs in the present case is one in which they are substantially interested, and the possibility of such omissions should be obviated by explicit instructions as to the duty of the jury to apportion the amount awarded; but the defendant has shown no interest or injury which entitles him to base upon such an informality the right to have the judgment and verdict vacated and the case retried.

*Order affirmed, with costs*