No. 2499.

THE EAST AND WEST TEXAS LUMBER COMPANY ET AL. *v.* E. C. WILLIAMS ET AL.

1. INTERLOCUTORY JUDGMENT.— An order appointing a receiver and granting an injunction against proceedings under attachments, made at suit of subsequent attaching creditors attacking the older attachments for fraud is an interlocutory order, the main issue being the attack against the validity of the prior attachments.

2. SAME.—Appeal does not lie from such an order, it not being a final judgment.

APPEAL from Upshur. Tried below before the Hon. F. J. McCord.

The full and accurate abstract of the record furnished in the brief of the appellants is given as a statement of the case.

On the sixteenth, seventeenth and eighteenth of June, 1888, these appellants, except the E. & W. L. Co., and other creditors of the East and West Texas Lumber Company, instituted their respective suits by original attachments in the district court of Upshur county, Texas, against the said lumber company, and sued out and caused to be levied writs of attachment upon the property of said company by the sheriff of said county, in order of priority, as follows: W. H. Brown, for five thousand five hundred dollars; J. W. Boyd, for one thousand three hundred and seventy-eight dollars; J. G. Daniels, for one thousand two hundred and ten dollars; T. E. Barnwell, for one thousand six hundred dollars; Warren & Son, for one thousand one hundred and seventeen dollars; S. J. Mings, for fifteen thousand dollars; Hawley & Heidenheimer, for one thousand six hundred dollars; W. H. Burrige, for eight thousand dollars, and J. A. Foggin, for one thousand five hundred and fifty-five dollars.

And afterward, and before the twenty-ninth of June, these appellees instituted their respective suits in said district court by original attachments against said lumber company, and had writs of attachment issued and levied on the same property, then in the hands of the sheriff, by virtue of said prior liens, as follows: E. C. Williams, for five thousand dollars; A. Harris, for two thousand seven hundred dollars; First National Bank, for one thousand two hundred dollars; Bonner & Bonner, for eight hundred dollars, and J. L. Bell, L. North, J. S. Bell, P. McGee and R. H. Crooks, for aggregate sums of six thousand seven hundred dollars, and E. T. Farris, for nine hundred and ninety-nine dollars, and Hargrove Brothers & Thomas, for five hundred and twenty-four dollars and fifty-five cents.

All the personal property levied upon by virtue of said several writs of attachments, being in the custody of the sheriff, he made application to the district judge for the sale of the same under and in accordance with the terms of the statute. Upon said application of the sheriff, made in the case of W. H. Brown v. said company, the judge in chambers ordered said sale. Pursuant to said order, the sheriff advertised the sale of

said property at public outcry for cash, at Gilmer, on the sixth of July, 1888.

On the twenty-ninth of June, and pending the sheriff's advertisement, the appellees, E C. Williams, A. Harris, First National Bank, Bonner & Bonner, J. S. Bell, J. L. Bell and L. North, as plaintiffs, prepared and presented the original petition in this cause to the Hon. F. J. McCord, district judge, in chambers, at Tyler, Texas, who made and endorsed on said petition, his order and fiat, that the said bill or petition be heard at Gilmer, Upshur county, Texas, on the fourth of July, 1888, at 10 o'clock a. m., and that the defendants in said bill be notified then and there to appear, and that the clerk of said court file said bill and issue the notices therein directed, and restraining the defendants T. J. Lowe and S. J. Mings from further undertaking to manage the affairs of said lumber company and from further disposing of any of the property or effects of said corporation or collecting its debts. Plaintiffs in said bill filed same with said fiat thereon endorsed on the thirtieth of June, 1888. Without process the defendants therein, except W. H. Burrige and J. A. Foggin, appeared and answered in due time, and on the fourth of July the appellees E. T. Farris and Hargrove Brothers & Thomas, filed in this cause their joint petition, setting up their respective debts against said lumber company, and adopting the allegations of the original petition of plaintiffs, and praying for a receiver, etc.

The defendants in said bill or petition are the East & West Texas Lumber Company, T. J. Lowe, S. J. Mings, W. H. Brown, J. W. Boyd, J. G. Daniels, T. E. Barnwell, Warren & Son, W. H. Burrige and J. A. Foggin; all of whom, except Burrige and Foggin (who failed to appear and answer at all) filed their several separate answers under oath, with several affidavits of others, as to the inexpediency and impracticability of running the various business of the said lumber company by a receiver as prayed for in said petition.

Upon the several answers of defendants and the assisting affidavits, the defendants joined in a general demurrer and motion to discharge the rule on them to show why receivers should not be appointed, and prayed the dismissal of said bill.

The only object and purposes of this suit as shown by plaintiff's pleadings are to revoke the order of sale of the property; to restrain defendant Lowe as general manager of defendant's corporation, and said lumber company, and S. J. Mings, as

secretary of said company, from further managing, or interfering in the management of the affairs and business of said company; for the appointment of a receiver of the assets of said lumber company, with full power to take, use, operate and manage the mills and machinery of said company, and to operate the same with the teams, mill supplies and timber, and timber privileges of said company, for the purpose of paying off the debts of said company; and that the property of said company in the custody of the sheriff by virtue of his levies under said writ of attachments be turned over to said receiver for the purposes aforesaid.

The original petition is sworn to only by one of the plaintiffs, A. Harris, who swears that the facts stated in plaintiff's bill, so far as stated on knowledge are true; so far as stated upon information and belief, he believes them to be true. In support of plaintiff's pleadings, there were no affidavits or proof offered to the court upon the trial of the cause.

On the sixth of July, 1888, the cause was tried before the court upon the bill, answers and assisting affidavits. Which trial resulted in a judgment and decree, that the previous order of sale of said property by the sheriff be revoked and vacated, and that a receiver be and is appointed, to take charge of all the property of said lumber company, including the property held by said sheriff, by virtue of said levies, said receiver to qualify as required by law, with bond, with two sureties, in the sum of twenty thousand dollars, to be approved by the judge of the said court, said bond to be executed by said receiver within four days from the date of said judgment, and that the said sheriff turn over to said receiver, upon his qualification as such, all said property held by him by virtue of levy of said writs of attachments; and that the president, vice president, secretary and treasurer of said company, and all other persons holding property belonging to said company, are required under the penalties of contempt, to turn over to said receiver all the property and assets of said company under their control; and that complainants give bond to defendants in the sum of twenty-five thousand dollars, conditioned that they will pay and satisfy any judgment or decree, for damages against them for wrongfully suing out the injunction against said defendants; and upon the excution of said bond in four days, W. R. Camp, president, S. J. Mings, secretary, H. K. Wall, treasurer, and T. J. Lowe, general manager of

said corporation, and in their capacity as directors of said company, are enjoined from taking any further steps in the disposition, management or control of the affairs and property of said corporation; nominating and appointing N. M. Harrison such receiver, with specific and detailed instructions to said receiver in the execution of his trust; and adjudging and taxing the costs of said suit so far as accrued against each of the parties respectively, for the costs incurred by each party, with execution for the same.   To which rulings, judgment and decree, the defendants, then in open court excepted, and gave notice of appeal to the Supreme Court.

Within the time required by said decree for the qualification of the receiver, Mr. N. M. Harrison, on July 10, presented to the judge in open court his bond as such receiver, in form and substance, with the sureties, and conditioned as required, for the examination and approval of the court, with his affidavit thereto attached; and the defendants then in open court protested and objected to any further action in the premises, for that the appeal and notice thereof suspended said judgment and decree in all respects.   Which protest and objections were by the court overruled, and the bond was by the court approved and said receiver required to proceed under said decree as such receiver.   And the appellees executed and caused to be filed and approved their injunction bond of them required by said decree, thereby giving full force and effect to said injunction.   From which judgment, decree and proceedings these appellants—The E. & W. T. Lumber Company, W. H. Brown, J. W. Boyd, J. G. Daniels, Warren & Son and T. E. Barnwell—have appealed and perfected their appeal, and assigned errors, all others of said defendants having failed to join and prosecute this appeal.   Appeal bond for cost without supersedeas was given, for the reason that, under the rulings of the court and the requirements of the court upon the said receiver, and the effects of said decree upon all other persons, said decree was in all substantial particulars fully executed before an appeal bond with supersedeas was required to be or could be given by defendants.

*H. McKay* and *Camp & Camp*, for appellants.

[The brief is upon the merits of the judgment.]

GAINES, ASSOCIATE JUSTICE. The plaintiffs below, who are appellees here, brought this suit against the defendants, who are now appellants, alleging in their petition that the East and West Lumber Company was a corporation of which one Mings was secretary and one Lowe was general superintendent and manager; that defendants Brown, Boyd, Daniels, Barnwell, Warren & Son, Mings, Hawley & Heidenheimer, Burrige and Foggin, had each brought a suit against the company in an action of debt in the district court of Upshur county, and caused attachments to issue and to be levied upon the property of the corporation, which consisted of lands, saw mills, timber privileges, live stock, etc.; that they had procured orders for the sale of the property, and that the sheriff had advertised and was about to make the sale of the same. The plaintiffs also alleged that they were creditors of the corporation; that they had also sued out attachments from said court on their respective claims, which they had also caused them to be levied upon the property of the company, and that their attachments were subsequent to those of the defendants in this suit.

It is also alleged that the corporation began business with fifty thousand dollars capital, but that Lowe, "by reckless management and misapplication of the effects of the corporation contracted large sums of indebtedness against it, which now exist, largely in excess of its assets; that said Lowe, in the management of the affairs of the corporation, has wrecked and rendered the same insolvent and diverted its money and effects to his own use and to the use and benefit" of Mings.

It was also averred that several of the defendants' attachments were upon claims which were not just debts of the company, and that they were all sued out in collusion with Mings and Lowe for the purpose of wrecking the corporation and of fraudulently applying its assets to the payment of the claims of the plaintiffs in the attachment suits, who are defendants herein.

This is but a statement in general way of some of the more material allegations of the petition, but it is sufficient to show the nature of the action which is all that is necessary for the purpose of the opinion. The plaintiffs pray that a receiver should be appointed to take charge of and administer on the effects of the corporation; that the order of sale should be rescinded, and the sheriff ordered to turn over the property seized by him to the receiver; that Lowe and Mings should be

enjoined from interfering with its business, and conclude their prayer as follows: "And upon final adjudication of matters and things set out in this bill, that your honor make such final orders touching the property of said corporation and the satisfaction of the legitimate indebtedness against the same as in good conscience and equity ought to be made," etc. There was also a prayer for citation to the corporation and notices of the application to appoint the receiver to the other defendants. On the twenty-ninth of June, 1888, the judge of the district court at chambers made an order setting down the bill for a hearing at Gilmer on the fourth of July next thereafter, which was a day in the July term of the district court of Upshur county. The defendant answered, demurring, excepting and denying the equities of the petition in detail, and on the sixth of July the cause came on to be heard upon the petition and answers, and the court entered an order for the appointment of a receiver, and an injunction as prayed for rescinding the previous order of sale and directing that the costs of this proceeding so far as accrued be and the same are hereby taxed against each of the parties respectively for the costs incurred by each party for which the officers of the court may have their execution." The defendants excepted and gave notice of appeal to this court. No further action was taken in the case during the term.

This brief statement of a very voluminous record is sufficient to show that this is an attempt to appeal from an interlocutory judgment of the court, which merely grants an injunction and appoints a receiver. The order makes no attempt to adjudicate or in any manner dispose of the main issues presented for determination. The gist of this litigation is found in the issues made by the allegations of fraud in the petition and the denials contained in the answers of the defendants. The property attached is the subject matter of the suit, and the question to be determined is what are the respective rights of the attaching creditors in that property? The steps already taken in the suit are strictly ancillary to the main proceedings, and merely intended to preserve the property in dispute pending the litigation. Whether the orders already made by the court are proper or not we can not decide; for we, without a final disposition of the case below, have no jurisdiction on appeal. It is argued that, because an order has been entered that each party shall pay his costs, this makes the judgment final. But the statute provides

that costs may be given or refused upon motion (Rev. Stats., art. 1424); and probably it was intended by the order to do no more than give the officers of the court execution for their costs against the parties who had incurred them respectively—a right which the statute gives without an order.

Because there has been no final judgment in the court below, we are of opinion that this appeal should be dismissed, and it is so ordered.

*Dismissed.*

Opinion delivered October 16, 1888.