HERRON v. TOLBERT.　(No. 5519.)

(Court of Civil Appeals of Texas. Austin. Nov. 3, 1915.)

1. APPEAL AND ERROR ☞66—DECISIONS APPEALABLE—NECESSITY OF FINAL JUDGMENT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2078, providing that an appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which it has original jurisdiction, and from every final judgment of the county court in civil cases of which it has appellate jurisdiction where the judgment or amount in controversy exceeds $100, exclusive of interest and costs, an appeal can only be taken from a final judgment of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 329–331, 335–343; Dec. Dig. ☞66.]

2. HABEAS CORPUS ☞113 — DECISIONS APPEALABLE — "FINAL JUDGMENT" — "JUDGMENT."

In a habeas corpus proceeding by a child's maternal grandmother against its father and its paternal grandparents, with whom the father had left it to be cared for, in which the petitioner alleged that defendants were not proper persons to have the custody and control of the child, and that the petitioner was financially and otherwise able to rear and maintain it, the court adjudged that the custody, maintenance, and education of the child be committed and awarded to its maternal grandmother, subject, however to the conditions thereinafter specified; that the temporary custody of the child be given and awarded to its paternal grandparents until the further orders of the court; that such temporary custody be not disturbed until such reasonable time as the father might, to the court, show himself competent, worthy, and able to rear and care for the child, at which time and upon which showing the custody of the child would be awarded to him, and that if he did not, within a reasonable time, make such showing, the final and absolute custody should remain with the maternal grandmother. Held, that this was not a final but a conditional judgment, from which no right of appeal existed, as the issue as to the permanent custody of the child was left open for further consideration, and a "judgment" is the final consideration and determination of a court of competent jurisdiction upon

the matters submitted to it (quoting Words and Phrases, First and Second Series "Judgment").

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. ☜113.]

3. APPEAL AND ERROR ☜66—DISMISSAL OF APPEAL FOR LACK OF FINAL JUDGMENT.

Where there is no final judgment, an appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 329–331, 335–343; Dec. Dig. ☜66.]

Appeal from District Court, Fayette County; Frank S. Roberts, Judge.

Habeas corpus by Mrs. Hope H. Herron against Frank M. Tolbert. From the judgment, plaintiff appeals. Appeal dismissed.

Mathis, Teague & Embrey, of Brenham, and John T. Duncan, of La Grange, for appellant. L. D. Brown, of La Grange, Tex., for appellee.

RICE, J. On the 18th of June, 1912, Frank M. Tolbert and Ruthvan Champion, the daughter of Mrs. Hope H. Herron, were married at Palacios, and thereafter removed to La Grange, where on the 30th day of March, 1913, there was born to this union a son, Ruthvan Champion Tolbert. In about a month thereafter his mother died, and his father turned the child over to Mr. and Mrs. Corday Tolbert, his own father and mother, to care for; and this is a habeas corpus proceeding, brought by Mrs. Hope H. Herron against Frank Tolbert, the father, and Mrs. Corday Tolbert, the paternal grandparent, for the custody and control of said minor, predicated upon the ground that they were not proper persons to have such custody and control, and that she was financially and otherwise able to rear and maintain it. Respondents presented the child in court in response to the writ, and answered, denying the allegations in the application, and alleged in detail the incompetence and unfitness on the part of the applicant to have the custody and control of said child, setting up facts showing their own right thereto, and their fitness therefor, and praying that the court award him, the father, the custody and control of said child. The court, after hearing the facts, entered the following judgment:

"On this the 18th day of May, 1914, the above styled and numbered cause came on for hearing, all parties appeared before the court and announced themselves ready for trial, a jury being waived, and all questions of fact and law were submitted to the court, and the court, after hearing the evidence and argument of counsel, took said cause under advisement, and now, on this the 21st day of May, renders the following judgment:

"I conclude from all the evidence in this case that the best interest and future welfare of the child demands that its custody, maintenance, and education be awarded the maternal grandmother, but the evidence further shows that the immediate interest and physical welfare of said child demand that it remain in the temporary custody of its paternal grandmother, and that such custody shall not be disturbed until the further orders of this court, or until such reasonable time as the father may show himself competent, worthy, and able to rear and care for the child, in which event the custody of said child will be restored to its said father, otherwise in default on the part of said father to show himself, within a reasonable time, worthy and able to rear and care for his child, then I conclude from the evidence in this case that the best interest and welfare of said child demands that its final and absolute custody be awarded to its maternal grandmother; and it is so ordered.

"It is therefore ordered, adjudged, and decreed by the court that the custody, maintenance, and education of the child, Ruthvan Champion Tolbert, shall be and is hereby committed and awarded to its maternal grandmother, Mrs. Hope Herron, subject, however, to the following conditions:

"First. That the temporary custody of said child is hereby given and awarded to its paternal grandmother and grandfather, Mr. and Mrs. Corday Tolbert, and that such temporary custody shall not be disturbed until the further orders of this court.

"Second. That said temporary custody shall not be disturbed until such reasonable time as the father of said child, viz., Frank M. Tolbert, may to this court show himself competent, worthy, and able to rear and care for said child, at which time and upon which showing said child will be delivered to its father, and its custody awarded to him.

"Third. That if the said Frank M. Tolbert, the father of said child, does not, within a reasonable time, show himself worthy, competent, and able to rear and care for said child, then it is ordered, adjudged, and decreed that said child shall be delivered to, and its final and absolute custody be in and remain with, its maternal grandmother, Mrs. Hope H. Herron. And it is ordered, adjudged, and decreed that said custody be so awarded," etc., taxing the costs.

From which judgment appellant prosecutes this appeal.

[1, 2] An appeal can only be taken from a final judgment of the trial court. See article 2078, vol. 2, Vernon's Sayles' Civ. Stats., which provides that:

"An appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds $100, exclusive of interest and costs."

The only question to be considered, then, is whether or not the judgment rendered is final; if not, this court has no jurisdiction, and this appeal should be dismissed. The principal issue raised by the pleadings is whether Mrs. Herron or Frank Tolbert was entitled to the custody and control of this child during its minority. The judgment rendered does not finally dispose of this issue. While the judgment did recite that the permanent custody of the child was awarded to Mrs. Herron, yet it provided that it shall remain in the temporary custody of Mr. and Mrs. Corday Tolbert, and whose custody should not be disturbed until the further order of this court, or until such reasonable time as the father, Frank M. Tolbert, might show to the court that he was competent,

worthy, and able to care for and rear said child, at which time and upon which showing its custody should be awarded to him. The issue as to the permanent custody of the child was therefore left open for further consideration of the court, dependent upon the conduct of the father. Such judgment, therefore, was not a final, but a conditional, one, from which, we think, no right of appeal existed. In Linn v. Arambould, 55 Tex. 611, it is held that no final judgment from which an appeal or writ of error can be prosecuted lies until all the issues as to all the parties have been finally adjudicated in the court, and that no order or decree, which does not preclude further proceedings in the case in the court below, can be regarded as final. Mr. Justice Walker, in delivering the opinion in that case, quoting from Freeman on Judgments, § 29, said:

"A final decree is one which disposes of the cause, either by sending it out of the court before a hearing is had on the merits, or after a hearing on the merits, decreeing either in favor of or against the prayer of the bill. But no order or decree which does not preclude further proceedings in the case in the court below should be considered final."

In the instant case the decree was not intended to be final, but, on the contrary, was expressly left open, subject to the further order of the court. Besides this, it expressly named a condition upon the happening of which the father might have possession of the child, the determination of which was to be had at some future time. In Words and Phrases, vol. 4, p. 3830, it is said that:

"Among various definitions of a judgment, not differing in legal effect from each other, we have the one that it is 'the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it.'"

See Bell v. Otts, 101 Ala. 186–188, 13 South. 43, 46 Am. St. Rep. 117, citing Freeman on Judgments, § 2.

Chief Justice Marshall, in Ex parte Watkins, 3 Pet. (28 U. S.) 193, 204, 205 (7 L. Ed. 650) says:

"A judgment, in its nature, concludes the subject on which it is rendered, and pronounces the law of the case."

In 23 Cyc. p. 1126, subd. 5, it is said:

"A judgment cannot be set up in bar of a subsequent action, unless it was a final judgment on the merits, adjudicating the rights in litigation in a conclusive and definitive manner."

In order that a judgment should be final within the meaning of the rule just stated, it must be such as puts an end to the particular litigation, or definitely puts the case out of court; otherwise it is merely interlocutory, and constitutes no bar to a subsequent action. Again, on page 1128, subd. C, Cyc. it is said:

"A judgment which is not to become effective unless certain conditions are complied with, or which may be defeated or annulled by the performance of conditions subsequent, is no bar to a second action on the subject-matter, unless it has become absolute by the performance of the conditions in the one case, or failure to perform in the other."

An appeal lies only from a final judgment. See Lumber Co. v. Williams, 71 Tex. 450, 9 S. W. 436.

[3] Again, if there is no final judgment, the appeal will be dismissed. See Martin v. Sanford Crow, 28 Tex. 615; Simpson v. Bennett, 42 Tex. 241; Railway Co. v. Smith County, 58 Tex. 74; Whitaker v. Gee, 61 Tex. 218; Mignon v. Brinson, 74 Tex. 20, 11 S. W. 903.

Believing that the judgment attempted to be appealed from is not final, it becomes our duty to dismiss the appeal; and it is so ordered.

Appeal dismissed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes