### WHITEMAN v. WHITEMAN et al. (No. 2426.)

(Court of Civil Appeals of Texas. Texarkana. June 3, 1921. Rehearing Denied June 16, 1921.)

1. Judgment ☞948(½)—Defense of former judgment must be presented in bar, and not in abatement.

The defense of a former judgment must be presented in bar, and not in abatement of the second suit.

2. Judgment ☞666 — Estoppel by judgment must be mutual.

Estoppels by judgment must be mutual, and one not bound by a judgment cannot urge it as an estoppel against another, and defendants not parties in a former action in trespass to try title to recover a small strip of land, and to establish a boundary line, cannot urge a judgment in favor of the defendant in the former case as an estoppel against plaintiff, under Rev. St. art. 7758.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Suit by H. S. Whiteman against Mrs. Levi J. Whiteman and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

See, also, 232 S. W. 888.

T. T. Thompson, of Clarksville, for appellant.

Austin S. Dodd, of Clarksville, for appellees.

HODGES, J. In August, 1920, the appellant, H. S. Whiteman, filed this suit against Mrs. Levi J. Whiteman, Levi J. Whiteman, Jr., C. O. Whiteman, W. W. Whiteman, and Mrs. Clara Terrell, joined by her husband, James C. Terrell. It was in the form of an action of trespass to try title, the purpose being to recover a small strip of land situated in the Cowan survey in Red River county. In addition to the general averment of ownership, the plaintiff pleaded title by adverse

possession. On November 18, 1920, the defendants filed a joint motion to dismiss the suit, alleging as follows:

"That at the last term of this court, in the cause of Henry S. Whiteman v. Mrs. Levi J. Whiteman, numbered 12004 on the docket of this court, the identical matters set out in plaintiff's petition were adjudicated and a final judgment was rendered against the plaintiff, which is conclusive against the plaintiff for all matters set out and contained in his original petition in this cause, as is evidenced by judgment entered of record in volume Z, pp. 227 to 232, Minutes of this Court; and they say that the matters alleged are res adjudicata, and plaintiff is conclusively estopped from bringing this suit."

Some days before the case was finally disposed of, at the request of the plaintiff in the suit, Mrs. Levi J. Whiteman, the defendant above referred to, was dismissed from this action. Later the motion came on to be heard, and at the instance of the remaining defendants. the motion was sustained upon the ground alleged, that the subject-matter of this controversy had been adjudicated in the former proceeding. The only evidence heard in the trial court upon the motion to dismiss consisted of the pleadings filed, the charge of the court, the verdict of the jury, and the judgment rendered in the former suit. There was no evidence offered to show any privity of estate between Mrs. Levi J. Whiteman (the sole defendant in that suit) and the remaining defendants in this suit. It is not contended that the parties defendant in this suit were in any way concerned in the former suit.

[1, 2] The defense of a former judgment must be presented in bar, and not in abatement of the second suit. Towns' Pleading (2d Ed.) p. 515. We might ignore the form of this proceeding and treat the judgment of the court below as one disposing of the case upon a plea of res adjudicata urged in bar of this action. But even in that view the judgment is erroneous, and must be reversed. The defendants in this suit are clearly not bound by the judgment which they now plead. That being true, they cannot invoke it as an adjudication for their protection. Estoppels by judgment must be mutual, and one not bound by a judgment cannot urge it as an estoppel against another. Lamar County v. Talley, 127 S. W. 272; Galveston Chamber of Commerce v. Railroad Commission, 137 S. W. 737; 2 Black on Judgments, § 548; 15 R. C. L. § 432, and cases cited. ·

Counsel for appellee refers to article 7758 of the Revised Civil Statutes as supporting the judgment appealed from. That article does not make a judgment in a suit of this character binding upon those who were not parties to the proceeding in which such judgment was rendered, nor does it change the rule of estoppel applicable to judgments generally. Elliott v. Morris, 49 Tex. Civ. App. 527, 121 S. W. 209; Stout v. Taul, 71 Tex. 444, 9 S. W. 329.

The judgment of the district court will be reversed, and the cause remanded for another trial.