## PHILLIPS et al. v. STATE et al.
### No. 8531.

Court of Civil Appeals of Texas, Austin.

June 9, 1937.

Wynne & Wynne and W. A. Wade, all of Longview, for plaintiff in error.

Wm. McCraw, Atty. Gen., and W. J. Holt, Asst. Atty. Gen., for defendants in error.

BLAIR, Justice.

The State of Texas sued B. F. Phillips and C. Huff to recover certain statutory penalties for alleged violation of the conservation laws of Texas, said violation arising in connection with the possession and use of an open earthen storage pit for oil by Phillips and Huff. The State alleged that Phillips and Huff stored oil in said earthen pit in violation of the conservation laws of Texas and sought to recover penalties of $1,000 per day for each and every day defendants stored oil in such earthen pit, and to foreclose a lien of the State upon all property owned by them; and also prayed for a temporary writ of injunction to be made permanent on final hearing. The temporary writ of injunction was issued, enjoining both Phillips and Huff from storing oil in the earthen pit. Phillips was served with a copy of the writ and copy of the petition of the State. Huff was not served with either the writ of injunction nor the citation in suit.

The State of Texas took a default judgment against B. F. Phillips alone, whereby the temporary injunction against him was made permanent, and the State recovered the sum of $3,000 as penalties in the premises. The judgment further recited, "and came the plaintiff, acting by and through the Attorney General of Texas and announced ready for trial, and on motion of the plaintiff the case was, as to the defendant C. Huff, passed and no action was taken as to the defendant C. Huff." Within six months after entering the aforementioned judgment, the State caused an abstract of the judgment against Phillips to be recorded in Gregg county where his property was located. Phillips has appealed by writ of error. Both plaintiff in error and defendants in error admit that no final judgment has been entered in this cause. Plaintiff in error insists that in ordinary cases and circumstances no appeal would lie to this court from such judgment, under the rule that a judgment which does not make final disposition of the case as to one of several defendants is not final. He further contends, however, that since the State has abstracted the judgment and filed same with the deed records of Gregg county, thereby placing a cloud upon the title of all of his property, and since under the laws of Texas he is wholly powerless and without any remedy to remove said cloud from title, by reason of the fact that he cannot bring a suit against the State for the removal of the cloud of such judgment lien upon his property, he can only appeal from said purported judgment to this court, praying that this court declare that such judgment is not final and does not and cannot support such purported abstract of judgment lien.

The rule is settled in this State that in general a final judgment must dispose of all the parties before the court, and that a judgment which fails to dispose of one or more of the parties is not final. Mignon v. Brinson, 74 Tex. 18, 11 S.W. 903; Wootters v. Kauffman, 67 Tex. 488, 3 S.W. 465; Oilmen's Reciprocal Ass'n v. Coe (Tex.Civ.App.) 6 S.W.(2d) 1046; Whitaker v. Gee, 61 Tex. 217. Under this settled rule, an appeal ordinarily lies only from a final judgment or decree, one that disposes of the entire case as to

all parties, and except in cases provided for by special statutes appellate courts have no jurisdiction of an appeal from a judgment or decree that is not final, other than to dismiss the appeal. East & West Texas Lumber Co. v. Williams, 71 Tex. 444, 9 S.W. 436; Reynolds v. Gilbert (Tex.Civ.App.) 284 S.W. 330; Texas & Pacific Ry. Co. v. Ft. Worth Street Ry. Co., 75 Tex. 82, 12 S.W. 977.

The attempted appeal from the judgment in question is dismissed.

Appeal dismissed.