### A. R. MIGNON v. M. T. BRINSON ET AL.

#### No. 6065.

1. **Final Judgment.**—A judgment in a partition suit is not final where the interest of a party plaintiff claiming a life interest in a part of the land is not passed upon.

2. **Same—Disclaimer.**—Nor is the judgment aided by a disclaimer filed subsequent to the judgment by the party claiming such life estate assigning and filing his transfer in the record, transferring his right to his daughter, who was a party.

3. **Same.**—In such state of the record, for want of a final judgment the appeal is dismissed.

APPEAL from Tarrant. Tried below before Hon. Sam. J. Hunter, Special District Judge.

On motion to dismiss appeal.

*A. W. De Berry*, for appellant.—The judgment must settle the rights of all parties to the suit, and this must be done by the judgment itself.

C. J. Burford, one of the plaintiffs, claimed a life estate of one-third in the share of Nannie Burford. The proof showed that all the plaintiffs were the heirs of Vienna Fields and entitled as such heirs in the manner and in the extent claimed by them.

The judgment makes no mention of C. J. Burford; does not in any manner dispose of his rights by a judgment either for or against him. The judgment was rendered on the 8th day of December, 1886. C. J. Burford, by his attorneys, filed on the 20th of December, 1886, a disclaimer, and agreed that his child Nannie Burford should have the whole of any interest to which he might be entitled. This was twelve

days after the judgment was rendered. No notice of this is taken by the court nor is the judgment reformed in any manner.

*Hyde Jennings* and *Hogsett & Greene,* for appellees.—The error, if any was committed by the court concerning the interest of C. J. Burford, was cured by his waiver filed of record waiving his life interest in favor of his daughter.

STAYTON, CHIEF JUSTICE.—This is an action of trespass to try title brought by many plaintiffs, among whom were C. J. Burford and his minor daughter Nannie Burford.

Each claimed interest in the lots in controversy, the interest of C. J. Burford, however, being a life estate in the part to which his daughter asserted title in fee.

A judgment was rendered in favor of all the plaintiffs except C. J. Burford for stated undivided interests in the lots in controversy and in favor of such of the defendants as did not disclaim for other undivided interests.

The judgment, however, made no disposition whatever of the case as to C. J. Burford, whose attorneys twelve days after the judgment was rendered filed the following: "Now comes C. J. Burford, one of the plaintiffs in this case, by his attorneys, and disclaims for himself any right, title, or interest in and to any of the property in controversy in this suit, and agrees that his child Nannie Burford, who is also one of the plaintiffs herein, shall have the whole of any interest he may be entitled to in said property."

No action of the court was taken upon this, although the motion for new trial filed by appellant, who was one of the defendants, called the attention of the court and parties to the fact that there was no verdict adjusting the right or claim of C. J. Burford, on account of which he claimed that the judgment directing partition could not be sustained.

It is unnecessary to inquire whether a final judgment determining the rights of the respective parties might have been rendered on the verdict, for the fact is no such judgment was entered, and we are met with the inquiry whether an appeal will lie from the judgment entered. It does not dispose of the case as to all the parties before the court, in that it in no way determines the right of C. J. Burford, and until this is done there can be no final judgment from which an appeal may be prosecuted.

The paper filed after the judgment was rendered is not a disclaimer, but on the contrary asserts an interest in C. J. Burford which his attorneys attempted to convey to his daughter. In Gullett v. O'Connor, 54 Texas, 415, it was held where a defendant had disclaimed prior to the trial and no judgment was entered as to him, that from the conduct of the parties subsequent to the disclaimer the action might be

considered as dismissed as to the party who disclaimed or as discontinued. We are of the opinion, however, that no such conclusion can be reached from the facts of this case, for there is nothing from which the parties or the court could have understood that C. J. Burford was not asserting any right claimed by him in the petition until twelve days after the judgment was rendered, when his counsel, doubtless acting under his permission, attempted to convey that interest to his daughter. The questions raised in the case are interesting, but as there was no final judgment to support this appeal we have no jurisdiction to pass upon them, and the appeal must be dismissed. Martin v. Crow, 28 Texas, 615; Simpson v. Bennett, 42 Texas, 241; Railway Co. v. Smith County, 58 Texas, 76; Whitaker v. Gee, 61 Texas, 218.

It is so ordered.

*Appeal dismissed.*

Delivered May 10, 1889.