CONSUMERS COTTON OIL COMPANY v. JENNIE GENTRY ET AL.

Decided April 13, 1904.

**1.—Contributory Negligence—Specific Charge.**

Evidence held sufficient to require the submission of a requested charge submitting the specific issue of contributory negligence arising thereon, in case of an employe of a cotton oil company injured by being caught in conveyor.

**2.—Same—Notice of Danger.**

Charge on contributory negligence of an employe in an oil mill in choosing a dangerous path about the building instead of a safe one, held properly refused because ignoring the element of knowledge on his part of the danger.

Appeal from the District Court of Hunt. Tried below before Hon. T. D. Montrose.

*W. J. J. Smith, Garnett & Smith,* and *Horace B. Williams,* for appellant.

*Bennett & Jones,* for appellees.

KEY, ASSOCIATE JUSTICE.—Mrs. Jennie Gentry brought this suit for herself and as next friend for her minor children, to recover damages from Consumers Cotton Oil Company, alleging that on account of the negligence of the latter, J. A. Gentry, the husband and father of the plaintiffs, lost his life. There was a jury trial resulting in a verdict and judgment for the plaintiffs, and the defendant has appealed.

The testimony shows that J. A. Gentry was employed by the defendant as night watchman in its oil mill; that while attempting to go from one end of the seed room to the other in the discharge of his duties, one of his feet was caught in what is termed the conveyor, and he was thereby injured in such manner as caused his death a few hours thereafter.

The defendant in its answer charged that J. A. Gentry was guilty of contributory negligence; and the court instructed the jury, in general terms, if they so found, to return a verdict for the defendant, and refused to give the following instruction requested by the defendant:

'"If you find and believe from the evidence that the deceased, J. A. Gentry, was on or was trying to get on the pile of cotton seed beside the conveyor, and that the cotton seed slipped, and on that account the said J. A. Gentry fell into the conveyor, and if you believe that in being on said seed or in trying to get on said seed at the place he was in that he failed to use such care as a person of ordinary prudence would have used under similar circumstances, then the said J. A. Gentry was guilty of contributory negligence, and you will find for the defendant."

The refusal of this charge is made the subject of complaint in this court by the third assignment of error, which we hold to be well taken.

It is true, there was no direct testimony showing that J. A. Gentry was attempting to get on the pile of cotton seed by the conveyor at the time of the accident; but it is also true that no witness saw him at that time, nor did any witness undertake to tell exactly how he got into the conveyor; and one witness testified that when he arrived, about twenty minutes after the occurrence, he discovered that the seed was tramped down some on the east side of the conveyor box. Inasmuch as no witness saw the accident, and no one could say just what the deceased was doing at the time, we think the defendant was entitled to have the theory of contributory negligence referred to in the special charge specifically submitted to the jury. And as the court's charge did not so specifically submit that question, and as the special instruction was properly framed, we hold that the court erred in refusing it. Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Missouri K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 525.

Appellant also complains of the refusal of the court to give a special instruction applying the law specifically to the question of contributory negligence upon the theory that J. A. Gentry could have gone by a safe route to the other end of the building by going around the conveyor and pile of seed. The testimony presented the question referred to, but this court holds that the requested instruction on that subject, set out in the eighth assignment of error, was not correctly framed, because it did not require the jury to find that J. A. Gentry had notice of the danger involved in going upon the conveyor, and eliminated the question of proximate cause.

All assignments presenting other questions of law are overruled.

We express no opinion as to the merits of the case as developed by the testimony.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*