POSENER v. MASH.

(Court of Civil Appeals of Texas. El Paso. May 23, 1912.)

APPEAL AND ERROR (§ 80*)—FINAL JUDGMENT —DISPOSITION OF ISSUES.

B. sued in his own behalf and as next friend of a minor to recover $880 for injuries to the minor and to recover $70 for physician's and medical bills incurred by B. in the minor's treatment. The court instructed that there could be no recovery for the medicine and medical services, whereupon the jury returned a verdict finding for "plaintiff in the sum of $880," on which verdict judgment was ordered that the minor do have and recover of the defendant the sum of $880, etc. Held, that nei-ther verdict nor judgment disposed of B.'s cause of action for himself, and was, therefore, neither final nor appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Appeal from El Paso County Court; Albert S. Eylar, Judge.

Action by Edwin Mash, by his next friend, F. J. Bouton, against Max Posener. Judgment for plaintiff, and defendant appeals. Dismissed.

S. P. Weisiger, of El Paso, for appellant. Jackson & Lessing, of El Paso, for appellee.

PETICOLAS, J. This was a suit for damages for personal injuries to Edwin Mash, a minor, in an automobile accident. Frank J. Bouton instituted the suit, suing in his own behalf and as next friend of Edwin Mash, for the sum of $880, and for $70 for doctor's and medical bills alleged to have been incurred by Bouton in the treatment of Edwin Mash. The court instructed the jury that, "there being no competent evidence before you as to the reasonable value of the medicine and medical services sued for, you are instructed not to consider said two items sued for, for any purpose." The jury rendered a verdict, finding "for plaintiff in the sum of $880." The judgment ordered that Edwin Mash do have and recover of the defendant, Max Posener, the sum of $880, etc.

Appellant's first assignment was to the effect that the court erred in not granting the defendant a new trial, because the jury's verdict does not dispose of all the parties and issues in the case. There are some cases, we think, in which, although the jury's verdict did not dispose of all the issues, yet, if the court's judgment did, the judgment might be final, and if we should reach the conclusion that this case was one of those, the assignment would be insufficient to raise the point; but being of the opinion that, if it shall appear to us that a judgment is not final, we have no jurisdiction, whether or not there is a sufficient assignment on that subject, it becomes necessary to inquire whether or not this judgment is final. Restating the matter, it is apparent, we think, that the suit is by one plaintiff (Bouton) on two causes of action and in two capacities. The judgment does not dispose, in the opinion of the writer, of either of Bouton's causes of action. Justice HIGGINS inclines to the opinion that the judgment inferentially disposes of Bouton's cause of action on behalf of the minor, but (and in this we all agree), the judgment being for Edwin Mash, it does not in any way dispose of Bouton's cause of action for himself.

It is true that the court's charge instructed the jury, in effect, that Bouton could not recover on his personal cause of action, and, if the judgment had been for $880 in favor of Bouton as next friend, it is possible

(though as to that we express no opinion) that it might have been sufficient. But it is clear that, as the judgment is for Edwin Mash, it does not dispose of Bouton's personal cause of action. Neither, in the opinion of the writer, does it dispose of Bouton's cause of action for the minor. The writer reaches this conclusion in this way: The minor has a right, but one which he cannot in person assert. It becomes necessary for him to assert this cause of action through another person, viz., Bouton, the next friend. So far, then, as the trial is concerned, and the judgment is concerned, Bouton is the plaintiff. When the jury found for the plaintiff, they adjudicated that Bouton should recover on behalf of the minor. The judgment is that Mash recover, and, independent of the question, which clearly arises, of whether such judgment is a valid judgment, it is clearly not a final judgment. And this is true, either under the views of the writer or of Justice HIGGINS. See Caldwell v. Bryan, 37 S. W. 335; Burch v. Burch, 28 S. W. 828; Frank v. Tatum, 20 S. W. 869; Mignon v. Brinson, 74 Tex. 18, 11 S. W. 903.

The case will be dismissed for want of a final judgment, and, under the authority of Burch v. Burch, supra, the costs of appeal will be taxed against the appellee.

Whether or not we should indicate our views with reference to any of the other matters in the case depends upon what the proper practice is in the court below upon dismissal of an appeal for want of a final judgment. As we have no jurisdiction to decide that question, our views cannot be authoritative; but we nevertheless deem it not improper to state that we incline to the opinion that the third paragraph of the court's charge, submitting the question of contributory negligence, where he uses the following language: "Yet should you believe from a preponderance of the evidence that said collision, if any, was not due to defendant's negligence, but was caused by the contributory negligence of said Edwin Mash, then you shall return a verdict for the defendant"— places upon the defendant a greater burden than the law calls for, in that under said charge they must have found that the negligence of the plaintiff, standing alone and independent of any negligence on the part of the defendant, was the sole cause of plaintiff's injuries, while the true rule is that, notwithstanding the defendant may have been guilty of negligence, if the plaintiff also was guilty of negligence which, concurring with the defendant's negligence, proximately caused said injury, the plaintiff would not be entitled to recover.

For the reasons indicated, the appeal is dismissed.

McKENZIE, J. I concur in result reached, that the appeal should be dismissed at appellee's cost. I am of the opinion that the jury verdict is sufficient to have authorized entry of judgment for "F. J. Bouton, as next friend of Edwin Mash," but not sufficient to have authorized entry of judgment against F. J. Bouton, individually. The jury should have been instructed by the court to return verdict against F. J. Bouton, suing in his own behalf, and such verdict was necessary before judgment should be entered against him. In jury trials, the law requires a verdict of the jury disposing of the parties and of the causes of actions before the entry of final judgment as to such parties and causes of action. The judgment as entered is in favor of Edwin Mash, no disposition being made therein as to F. J. Bouton as party to the suit, nor of the causes of action by F. J. Bouton in his own behalf and as next friend of Edwin Mash.

The judgment, therefore, is not final, in that it fails to dispose of the parties and the causes of action.