FINNIGAN–BROWN CO. v. ESCOBAR et al. (No. 488.)

(Court of Civil Appeals of Texas. El Paso. Nov. 11, 1915. On Rehearing, Nov. 24, 1915.)

1. APPEAL AND ERROR ☞79—DECISIONS REVIEWABLE—NECESSITY OF FINAL DETERMINATION—"FINAL JUDGMENT."

Where a corporation sued two persons to recover title and possession of goods, which persons answered denying the allegations of the petition, and averring by cross-action that the goods were the property of another, for whom they were holding as bailees, such other and another person intervening, claiming the goods, judgment, making no disposition, either directly or by implication, of plaintiff's claim to the goods, being merely that it take nothing against an original defendant, and proceeding to adjudicate the rights of the interveners and defendants, could not be appealed from, since such judgment was not a "final judgment," which is the awarding of the judicial consequences attached by the law to the facts, a final determination of the rights of the parties resulting from the ruling made, from which alone an appeal will lie, except in instances especially provided by law granting the right to appeal from certain interlocutory orders and judgments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 459–462; Dec. Dig. ☞ 79.]

2. APPEAL AND ERROR ☞79—DECISIONS REVIEWABLE—NECESSITY OF FINAL DETERMINATION—FINALITY THROUGH VERDICT.

Where, in suit to recover title and possession of personalty, in which defendants and interveners claimed interests in the property, the judgment failed to adjudicate, directly or by implication, as to the plaintiff's claim to the goods, the fact that the verdict of the jury determined such claim did not by implication render the judgment an appealable final determination, since the verdict was not sufficient for that purpose and must have been followed by the judgment pronouncing its legal consequences.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 459–462; Dec. Dig. ☞ 79.]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Suit by the Finnigan-Brown Company against Leon Escobar and another to recover title and possession of goods. From a judgment that plaintiff take nothing against Escobar, and adjudicating the rights of interveners, plaintiff appeals. Appeal dismissed.

Finnigan-Brown Company, a corporation, filed suit against Leon Escobar and T. J. Woodside to recover title and possession of certain hides and skins. A writ of sequestration was sued out by plaintiff, and the property seized thereunder. In due time the same was replevied by plaintiff. Woodside and Escobar answered, denying the material allegations of the petition, and by cross-action averred that the hides and skins were the property of Winceslao Garcia, for whom they were holding it as bailees, and asked judgment over against the Finnigan-Brown Company and the sureties upon its replevin bond for the value of the property. Woodside thereafter filed a disclaimer of any interest in the property, except a lien thereon for freight and customs duties paid out by him upon the importation of the same from Mexico, and asked that upon trial he be decreed a lien to secure the moneys so expended. Victor Martinez intervened, claiming a portion of the hides and skins sued for by plaintiff, and asked that he have judgment therefor or their value. Garcia likewise intervened, claiming all of the hides and skins, and prayed judgment therefor or their value. The jury, by its verdict, found that the Finnigan-Brown Company was entitled to certain of the hides and skins of the value of $6,994.81; that Martinez was entitled to some of the hides and skins, valued at $3,895.57, and that Garcia was entitled to some of the skins, valued at $6,804.23. It appears from a recital in the judgment that the hides and skins were sold after replevy, and the proceeds thereof were in the hands of the Finnigan-Brown Company.

Judgment was entered as follows: (1) That the Finnigan-Brown Company take nothing against Escobar. (2) That Martinez and Garcia respectively recover of the Finnigan-Brown Company and the sureties upon its replevin bond, the value, with interest, of the hides found by the jury to belong to them respectively. (3) That Woodside recover certain amounts against the Finnigan-Brown Company, Martinez, and Garcia; the amounts

adjudged against the respective parties being in proportion to their ownership of all of the property in controversy; the judgment reciting that it was agreed by the parties that judgment should be so rendered in Woodside's favor for the moneys paid out by him. (4) That Martinez, Garcia, and Woodside take nothing against Escobar. From the judgment so rendered this appeal is prosecuted.

Coldwell & Sweeney, of El Paso, for appellant. C. L. Vowell, Walthall & Gamble, and T. C. Lea, Jr., all of El Paso, for appellees.

HIGGINS, J. (after stating the facts as above). [1] 1. The appeal must be dismissed for want of finality in the judgment. The rule is that appeals lie only from final judgments. The only exception is in some instances specially provided by law, granting the right to appeal from certain interlocutory orders and judgments. See cases cited, 1 Michie, Ency. Dig. 394, 395. A judgment is not final so as to authorize appeal therefrom unless disposition has been made of all of the parties; all issues raised determined, and the case disposed of as completely as the court had power to do. See cases cited, 8 Michie, Ency. Dig., pp. 156 and 161.

A final judgment is the awarding of the judicial consequences which the law attaches to the facts. It is final only when the decision or sentence of the law is pronounced by the court upon the matter contained in the record. Eastham v. Sallis, 60 Tex. 576. No complete disposition is made, directly or by implication, of the issue raised by the Finnigan-Brown Company's suit for the hides and skins. The judgment in favor of Martinez and Garcia only disposes of the proceeds of those the jury found belonged to them. It does not adjudge to the Finnigan-Brown Company the hides the jury found belonged to it, nor the proceeds thereof; neither does it adjudge the company not entitled thereto. Unless this be done, directly or by necessary implication, the judgment cannot be final. The hides having been sold and the proceeds thereof being in the hands of the Finnigan-Brown Company, it followed upon the jury's verdict that it was entitled to judgment for its share of such proceeds. But:

"It is not enough to make a final judgment that we can see that the court ought to have rendered one. What the court did must have amounted to a final determination of the rights of the parties resulting from the ruling made." Land & Loan Company v. Winter, 93 Tex. 560, 57 S. W. 39; Trammell v. Rosen (Sup.) 157 S. W. 1161.

[2] It is argued by appellees that this case is analogous to those authorities which hold a judgment final which disposes of an issue by necessary implication only; for example, a cross-action not expressly mentioned and

adjudicated. Trammell v. Rosen, supra, and cases there cited; also Davies v. Thomson, 92 Tex. 391, 49 S. W. 215. We can see no similarity between this line of authority and this case. There is nothing in this judgment from which it could be in any wise inferred that the court had judicially found for or against the Finnigan-Brown Company the right to any part of the hides or their proceeds. The verdict of the jury alone was not sufficient. It must have been followed by the judgment of the court pronouncing the legal consequence of the verdict. Trammel v. Rosen and Land & Loan Co. v. Winter, supra.

Appellees also request, if it be determined the judgment is not final, that this court reform the same and make it so. This cannot be done. The defect affects the jurisdiction of this court, and we must dismiss the appeal.

2. In view of what has been said, it is unnecessary to determine whether or not it is essential to the finality of the judgment that judgment should likewise have been entered upon Woodside's disclaimer that the Finnigan-Brown Company take nothing against him. It may be said, however, in view of further proceedings in the case, that it is best and proper to do so. Gullett v. O'Connor, 54 Tex. 408; Mignon v. Brinson, 74 Tex. 18, 11 S. W. 903.

In Gullett v. O'Connor, supra, it was held under the facts there presented, that it would be presumed the cause had been dismissed as to a defendant who had disclaimed and as to whom no disposition was made in the judgment. But upon the facts reflected by the record here it may well be doubted whether any such presumption could be indulged. Mignon v. Brinson, supra.

Dismissed.

## On Rehearing.

In the original opinion it was said:

"In view of what has been said, it is unnecessary to determine whether or not it is essential to the finality of the judgment that judgment should likewise have been entered upon Woodside's disclaimer that the Finnigan-Brown Company take nothing against him."

In this sentence the word "recover" should have been used for "take nothing." It is accordingly now so corrected, and with this correction the motion for rehearing is overruled.