BURTON LINGO CO. et al. v. FIRST BAPTIST CHURCH et al. (No. 750.)

(Court of Civil Appeals of Texas. El Paso. Nov. 15, 1917. Rehearing Denied Dec. 6, 1917.)

APPEAL AND ERROR ⊂⊃80(6)—FINAL JUDGMENT—APPEALABILITY.

Where verdict disposed of all issues, those in the main suit and those raised by a cross-action, judgment based on such verdict which did not dispose of the issues on the cross-action is not final and appealable.

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Suit by the Burton Lingo Company and others against the First Baptist Church and others. From the judgment for plaintiffs against some defendants, plaintiffs appeal. Appeal dismissed.

G. C. Groce and J. L. Gammon, both of Waxahachie, and Sayles & Sayles, of Abilene, for appellants. A. H. Kirby, of Ft. Worth, for appellees.

HIGGINS, J. Burton Lingo Company filed this suit against the First Baptist Church, the members of the board of trustees and building committee of said church and E. S. Boze, Geo. P. Bullard, W. A. Crow, R. C. Johnston, J. W. Harrison, and J. L. Gammon to recover a balance due for building material furnished Boze and used in the construction of a church building for said church and for foreclosure of a materialman's lien. Boze was the contractor for the construction of said church. Bullard, Crow, Johnston, Harrison, and Gammon were sureties upon a builder's bond given by Boze. Boze pleaded a discharge in bankruptcy. Bullard and his cosureties answered to the merits 'and by cross-action against Boze set up that their liability, if any, was as sureties for Boze on the bond sued upon and in case of recovery against them they asked for judgment over against Boze.

An instructed verdict was returned as follows:

"We, the jury, find in favor of plaintiff Burton Lingo Company against defendants George P. Bullard, W. A. Crow, R. C. Johnston, J. W. Harrison and J. L. Gammon in the sum of $538.26, with interest thereon from January 1, 1911, at 6 per cent. per annum, and the further sum of $100 attorney's fees. We further find in favor of the other defendants. on all other issues.

Upon this verdict judgment was rendered as follows: In favor of Burton Lingo Company against Bullard and his cosureties in the amount stated in the verdict; that said company take nothing against the church and the members of its board of trustees and building committee; that said company take nothing of Boze; that the church take nothing by its cross-action against Boze and the sureties on his bond.

It will be noted that the judgment makes no disposition of the issue raised by the cross-action of the sureties against their principal, Boze. The verdict was sufficient upon which to predicate a judgment disposing of all issues. But the completeness of the verdict in thus disposing of all issues does not dispense with the necessity of a judgment based thereon likewise disposing of all issues. In Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, it was said:

"The Court of Civil Appeals correctly held as follows: 'It can make no difference that the verdict of the jury does dispose of the defendant's cross-action, and that such verdict is recited in the judgment. The verdict but constitutes the facts as ascertained in one of the methods provided by the law, and cannot be made to supply the court's conclusion thereon. To be final, the judgment should further contain the declaration of the court pronouncing the legal consequences of the facts found.'"

The judgment here rendered in no wise relates to or affects the cross-action of the sureties, and it cannot be considered as disposed of by implication. For want of finality in the judgment, the appeal must be dismissed. See Finnigan-Brown Co. v. Escobar, 179 S. W. 1127.

Dismissed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.