### HARDING v. TURNER et al.    (No. 7250.)

(Court of Civil Appeals of Texas.    San Antonio.    Dec. 10, 1924.)

1. **Husband and wife** &#8667;210(2), 241—**Husband necessary party; judgment in favor of wife who sued with husband will not support levy of execution.**

Under Rev. St. art. 1839, husband was necessary party to suit by wife on note assigned to her, and judgment rendered in favor of wife only, though husband was joined, was not final judgment, and could not support levy of execution.

2. **Husband and wife** &#8667;207—**Husband necessary party to suits by or in behalf of wife except where he fails, neglects, or refuses to bring suit or join therein.**

Under Rev. St. art. 1839, husband is necessary party to suits instituted by or in behalf of wife, except where it is affirmatively shown that he has failed, neglected, or refused to bring suit or join therein.

Appeal from Willacy County Court; W. E. McCharen, Judge.

Suit by W. A. Harding against Joe Turner and others. From order denying injunction, plaintiff appeals. Order reversed, and judgment rendered for plaintiff.

Davis E. Decker, of Raymondville, for appellant.

Ira Jay Dutton, of Raymondville, for appellees.

SMITH, J.. Emma L. Conway and her husband, John J. Conway, brought suit against W. A. Harding to recover the amount of a promissory note executed by the latter to another, who had assigned it to Emma L. Conway, although it was not disclosed in the pleadings whether or not the note became her separate property. The cause was tried, and judgment was rendered in favor of Emma L. Conway against Harding for the amount sued for, but no disposition or mention was made in the judgment of John J. Conway, the other plaintiff, nor were his rights attempted to be adjudicated. Subsequently, execution was issued by virtue of this judgment, and certain personal property of Harding was levied upon and about to to be sold, when the latter instituted the present proceeding for an injunction restraining Turner, sheriff, the Conways, and others, from selling the property under said execution. The prayer for injunction was refused, and Harding has appealed.

[1] Appellant grounds his claim for injunction in part upon the contention that the judgment upon which the execution was based is not a final judgment, in that John J. Conway, one of the parties plaintiff, was not disposed of therein, nor was his interest adjudicated; that such judgment, lacking in finality, will not support execution. We sustain this contention.

[2] The rule under our statutes is that the husband is a necessary party to suits instituted by or in behalf of his wife, except in cases where it is affirmatively shown that he has failed or neglected or refused to bring the suit, or join her in the suit. Article 1839, R. S.; Speer's Marital Rights, §§ 140, 432, 440; Taylor v. Pridgen, 3 Willson Civ. Cas. Ct. App. § 93; Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 523, and authorities cited therein. In the case last cited Mrs. Jenkins brought suit to procure construction of a will under which she claimed. Her husband was not joined as plaintiff, nor were there any allegations that he had refused or neglected to join his wife in bringing the suit. This court reversed the judgment, and in the opinion by Chief Justice Fly it was said:

"By the failure, unexplained, to join the husband of Mrs. Jenkins in the suit, she was not a party to the suit, because she had no authority to institute it; and, where the record brings to the notice of an appellate court that necessary parties have been omitted from the suit, it will refuse to render a judgment. It would not be binding upon the parties, and would render the action nugatory and vain.

· "The failure to make the necessary parties to the suit is fundamental error, and must be considered by an appellate court if discovered by it. The error in this case is apparent from

---

&#8667;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the petition of appellees, which alleged the marriage state of Mrs. Jenkins, and yet failed to account for nonjoinder of the husband. Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906; Railway v. Oliver, 159 S. W. 853; Needham v. Cooney, 173 S. W. 979."

Under these holdings John J. Conway, the husband, was a necessary party to this suit, and, being a necessary party, the failure to dispose of him in the judgment rendered that judgment one which was not final; and, the judgment not being final, it did not support the execution based thereon and here sought to be enjoined.

The order of the court below denying the injunction will be reversed, and judgment here rendered that the injunction be granted as prayed for.