### SOUTHERN PAC. CO. v. ULMER.
### (No. 2034.)

Court of Civil Appeals of Texas. El Paso.
May 26, 1927.

Rehearing Denied June 16, 1927.

1. **Guardian and ward ⬤➾130—Plea in abatement to action by nonresident guardian, alleging only nonresidence, held insufficient to raise objection of inability to sue as guardian (Rev. St. 1925, art. 4285).**

In action by guardian where both guardian and ward were nonresidents, special plea in abatement alleging only that guardian and ward were at time of filing petition nonresidents *held* insufficient to raise objection that guardian was not entitled to sue, in view of Rev. St. 1925, art. 4285, authorizing nonresident guardian to secure letters of guardianship of minor's estate situate within the state.

2. **Carriers ⬤➾383—Passenger's voluntary refusal to accept offered shelter after being excluded from train was not negligence, as matter of law.**

Where railroad passenger who had taken the wrong train was forced to leave train by conductor at place where there was no station but a place accessible where she would have been safely sheltered from sand storm, a voluntary refusal to accept offered shelter would not be negligence, as a matter of law.

3. **Negligence ⬤➾141(11) — Instruction that child could not recover for injuries from exposure when mother was excluded from train, if mother failed to avail herself of shelter, held proper.**

In guardian's action for injuries to minor child from exposure at time mother was excluded from train, instruction that plaintiff would not be entitled to recover for suffering from exposure if mother failed to use ordinary care in availing herself of accessible shelter *held* proper.

4. **Damages ⬤➾131(1)—$1,000 for cold incurred by 2½ year old child from exposure, lasting about 2 weeks, held not excessive.**

$1,000 as damages for injury to 2½ year old child, resulting from exposure to weather which caused a cold and fever for about 2 weeks with little cough thereafter, *held* not excessive.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by N. A. Ulmer, guardian of the estate of Willard Paul Ulmer,. against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Del W. Harrington, of El Paso, for appellant.

Jones, Hardie & Grambling and Ben Howell, all of El Paso, for appellee.

WALTHALL, J. This case presents an appeal from a judgment in favor of appellee, N. A. Ulmer, in his representative capacity as guardian of the estate of his minor. child, Willard Paul Ulmer, awarding damages against appellant for personal injuries which he alleged said minor child sustained after being put off one of appellant's passenger trains with the child's mother, Mrs. Patsy Ulmer.

The facts are fully stated in the case of Southern Pacific Co. v. Ulmer and wife (Tex. Civ. App.) 282 S. W. 305, and reviewed by the Commission of Appeals, Section B, 286 S. W. 193. The minor child here, Willard Paul Ulmer, is the 2 years and 10 months old son referred to in the statement of that case, and to which we refer. The facts here are practically a repetition of the facts stated in that case.

It is alleged that during all of the times referred to ·in the statement above referred to the child was suffering fright and great mental anguish and pain, and was suffering seriously from the cold wind and sand storm, his eyes and nose became seriously inflamed, causing him great pain, and by reason of such exposure the child suffered a severe cold for a period of about two weeks, and as a proximate result was injured and damaged in the sum of $3,000.

Appellee answered by special exception in the nature of a plea in abatement, which we will more fully later state, general demurrer, general denial, denial of any negligence on its part causing the injuries complained of; denied that the said child suffered any injury by reason of any of the matters alleged; alleged that if the child was in any manner injured as alleged same was due to the child's mother, in that the mother, early on the morning of the date of the alleged injuries, took said child in an open Ford car and drove a distance of about 20 miles to El Paso and ,thus so exposed the child to the cold; also, that at the place where the mother and child were there were two section houses, to either

---

of which the mother could have taken the child and found shelter; also, that there was convenient a small house into which the child's mother was invited to go, and did go, and could have remained and sheltered the child from the weather, but that the mother voluntarily and without cause took the child out into such storm and kept him there for the time she was exposed to the storm, and that by so doing, if the child was injured by exposure, it was the result of the willful negligence on the part of the child's mother, and not due to any negligence on the part of appellant.

The case was tried to a jury and submitted upon the general issue, resulting in a verdict and judgment for appellee in the sum of $1,500. Appellee remitted $500 of said amount, and final judgment was entered for $1,000, from which judgment this appeal is prosecuted.

### Opinion.

Appellees allege that N. A. Ulmer is the guardian of the estate of the minor, Willard Paul Ulmer, and that the said minor is suing by his next friend, N. A. Ulmer, and that appellees' "are residents and citizens of Dona Ana county, N. M., with authority to prosecute this suit." Appellant makes the contention that the probate court of El Paso county, Tex., was not authorized by law to appoint N. A. Ulmer, a resident of New Mexico, guardian of the estate of the minor, and that by reason thereof his appointment as guardian is void, and the judgment in his favor as guardian is likewise void.

The judgment rendered was in favor of N. A. Ulmer, as guardian of the estate of the minor, and negatively states that the minor, suing by next friend, is not entitled to recover. Appellant, by special exception, pleaded in abatement to the suit by Ulmer as guardian. The exception was overruled and appellant excepted.

There are several provisions of our statutes relating to the appointment of guardians. Article 4285, R. C. S. 1925, provides that, where a guardian and his ward are nonresidents, such guardian may file in any county court of any county a transcript from the records of a court of competent jurisdiction where he and his ward reside, showing his appointment and qualification as guardian of the estate of such ward, with a proper certificate, and when such transcript is filed and recorded the nonresident guardian shall be entitled to receive letters of guardianship of the estate of such minor situate in this state, upon filing bond. It is not made to appear that the above statute is not applicable to the facts of the guardianship alleged.

[1] The special exception, reciting "defendant herein, and for the purpose only of it's plea in abatement, shows to the court that as shown by the face of the pleadings in plaintiff's original petition, filed herein on the 11th day of August, 1926, the plaintiff is a resident of the state of New Mexico, and his alleged guardian, N. A. Ulmer, is and was, at the time of the filing of such petition, a resident of the state of New Mexico, cannot, under the laws of the state of Texas, maintain such suit as such guardian," was not sufficient, we think, in view of our statute referred to above, to raise the objection that Ulmer was not entitled to sue as guardian because of his nonresidence. From the nonresident certificate returned and other articles in the same chapter as the above article referred to, the word "nonresident" evidently means a nonresident of the state. The article referred to may or may not have application in this state. The petition does not, on its face, show a want of application of the article, and only a special plea stating the facts would present the issue, but such special plea was not made.

Appellant alleged:

"That at the time and place of the alleged injury there were two section houses, to either of which plaintiff's mother could have taken him and sheltered him from the storm, if there was such storm as alleged, and there was convenient a small house into which plaintiff's mother was invited to go, and did go, and could have remained and sheltered plaintiff from such storm had she desired to do so, or thought necessary to do so, but that instead of availing herself and plaintiff of such shelter, plaintiff's mother volunteered, and without any cause on the part of defendant, took plaintiff out into such storm and kept him there for such time as plaintiff alleges he was exposed to such storm prior to about 5 o'clock in the evening on the day of said alleged injuries, and if plaintiff was injured by such exposure then such injury was the result of the willful negligence on the part of plaintiff's mother, and not due to any negligence whatever on the part of defendant."

Under the evidence heard on the above defensive matters, the trial court gave the following charge:

"You are charged, if you believe from the evidence that, under all the facts and circumstances in evidence, plaintiff's mother failed to use ordinary care in availing herself of the shelter reasonably available, if any, in protecting plaintiff from the weather, and as a proximate result of such failure, if she did so fail, plaintiff suffered from cold, fright, and exposure, that plaintiff would not be entitled to recover for such suffering so proximately caused."

The court explained what was meant by the term, "ordinary care," as used in the charge.

To the above charge the third proposition submits:

"The court erred in refusing to submit the issue of appellant's defense as raised by its pleading."

Appellant submitted a special charge, in part, reading:

"And if you further find from the evidence that there was, at such time and place, a house accessible to and wherein plaintiff could have been safely sheltered from such storm, if any; and if you further find from the evidence that plaintiff's mother, Patsy Ulmer, voluntarily and without cause on the part of defendant, took plaintiff out into such storm and kept him out of such shelter, if any, for the length of time plaintiff alleges he was exposed to such storm, prior to about 5 o'clock in the evening on the day of such alleged injuries, and if you further find that plaintiff suffered any injury from such exposure, if any, then your verdict will be for the defendant."

The court refused to give the submitted special charge.

[2] The testimony offered in support of the defensive matter pleaded and sought to be submitted under the special charge was sufficient, we think, to suggest the submission of the defensive matters pleaded. The special charge submitted by appellant did not embody a correct proposition of law. If there was a place accessible to plaintiff's mother where she could have been safely sheltered from the storm and she voluntarily refused to accept same, it would not be negligence, as a matter of law, for the mother to voluntarily refuse to accept the offered shelter. While the answer charged willful negligence on the part of the mother in refusing the shelter, the submitted special charge did not leave to the jury the question as to whether the mother's act in refusing the shelter was negligence on her part, nor whether such negligence, if it was negligence, caused or contributed to cause, or was the proximate cause of the child's cold, fright, or exposure to the weather, but told the jury that if the facts as submitted were found the verdict must be for the appellant.

[3] The charge given by the court was an affirmative presentation of the issue as to whether the mother failed to use ordinary care in availing herself of the shelter reasonably available in protecting the child from the weather, and was, we think, a proper charge.

What we have said in discussing previous propositions applies to the fourth in awarding judgment to Ulmer, as guardian.

[4] The fifth proposition submits that the judgment for $1,000 is excessive. The evidence shows that the child contracted a bad cold with accompanying fever, from exposure to the weather, which cold and fever lasted about 2 weeks. One witness said, "it was an ordinary cold, but pretty bad." The mother said:

"We were mighty cold while we were standing in the sand storm. I just had my coat, and he had on a coat; it was awfully cold. As to the effect on the baby, well, his eyes was irritated and his throat inflamed. About 12 that day, on the train, he laid down and went to sleep; when he got up he was fretting and cry-ing and his eyes irritated, you know how a child will choke up; he taken a bad cold and had fever, a temperature. I guess he suffered from that about a week and a half, I don't remember just how long his cold lasted. * * * He got perfectly well; he got over it all right. I couldn't tell it a month after. He had a cough that held on a little."

There was much else said as to the child's condition, but the above fairly expresses the child's condition as to the cold. But, in addition to the cold contracted, the child was out in the sand storm, and suffered the inconveniences of it. We cannot say that the judgment is excessive. The jury gave a verdict for still more, and the trial court reduced the amount to $1,000.

The case is affirmed.